GEORGE T. HEERY, STANLEY MEYERSON, THOMAS B. CRUMPLER, AND MRS. LEAN PIPPIN v. TOWN OF HIGHLANDS ZONING BOARD OF ADJUSTMENT: JOHN BAUMRUCKER, LIGON CRESWELL, EMMA PELL, EUGENE HOUSTON AND CARL TALLY; THE BOARD OF COMMISSIONERS OF THE TOWN OF HIGHLANDS: HARRY T. WRIGHT, MAYOR, NEVILLE BRYSON, JOHN CLEAVELAND, STEVE PIERSON, RON SANDERS AND CHARLES ZACHARY; AND SHELBY PLACE, LTD., AND JACK FAUL, TRUSTEE

No. 8230SC471

(Filed 5 April 1983)

**Municipal Corporations § 31.1— special use permit—no standing to seek review**

Petitioners were not "aggrieved parties" and had no standing to seek review of a decision of a municipal zoning board of adjustment to grant a special use permit for the construction of multi-family housing where petitioners failed to allege or show that they would be subject to "special damages" distinct from the rest of the community. Furthermore, petitioners were not adversely affected by any invalidity in the ordinance concerning the percentage of votes necessary to issue a special use permit and thus had no standing to challenge the ordinance on that ground where the permit in question was unanimously agreed to by all five members of the board of adjustment.

APPEAL by respondents, Shelby Place, Ltd. and Jack Faul, Trustee, from *Thornburg, Judge.* Judgment entered 14 December

1981 in Superior Court, MACON County. Heard in the Court of Appeals 15 March 1983.

This is an appeal from an order of the Superior Court reversing and remanding the decision of the Board of Adjustment for the Town of Highlands, North Carolina, which granted a special use permit for the construction of multi-family housing by Shelby Place, Ltd. and Jack Faul, Trustee.

*Herbert L. Hyde for petitioners, appellees.*

*Coward, Coward & Dillard, by Orville D. Coward, Jr. for respondents, appellants.*

HEDRICK, Judge.

Respondents contend that petitioners lacked standing to seek review of the Zoning Board of Adjustment's decision. N.C. Gen. Stat. § 160A-388(e) authorizes an "aggrieved party" to seek review of board of adjustment decisions made under zoning ordinances. Thus, petitioners had standing only if they were aggrieved persons within the meaning of the statute.

Earlier versions of N.C. Gen. Stat. § 160A-388, which contained review provisions similar to the present statute, were interpreted to mean that "the appealing party must have some interest in the property affected." *Pigford v. Bd. of Adjustment,* 49 N.C. App. 181, 270 S.E. 2d 535 (1980), *disc. rev. denied and appeal dismissed,* 301 N.C. 722, 274 S.E. 2d 230 (1981) (citations omitted). However, the "property affected" is not limited to the property subject to the special use permit. An order of a board of adjustment which exceeds its authority under the zoning ordinance may be appealed by nearby landowners who will sustain *special* damage from the proposed use. *Jackson v. Board of Adjustment,* 275 N.C. 155, 161-162, 166 S.E. 2d 78, 82-83 (1969) (emphasis added). The Court defined "special damage" as "a reduction in the value of his [petitioner's] own property." *Id.* at 161, 166 S.E. 2d at 82.

Petitioners fail to meet the *Pigford* and *Jackson* test for standing. They alleged that they were property owners who would suffer a decline in the value of their land. The Superior Court concluded they had standing because they were property owners and Ms. Pippin's land was adjacent to the proposed

development. Yet there was no finding of fact that petitioners would experience a loss in property value. In depositions before the Superior Court, petitioners' claim that general land values in the town would decrease was rebutted by respondents' expert on real estate appraisal. Even more importantly, the petitioners failed to allege, and the Superior Court failed to find, that petitioners would be subject to "special damages" distinct from the rest of the community. Without a claim of special damages, the petitioners are not "aggrieved" persons under N.C. Gen. Stat. § 160A-388(e), and they have no standing.

The Superior Court also granted standing on the basis that petitioners were seeking to have declared invalid a portion of the ordinance under which the special use permit had been issued. The ordinance in question authorized issuance of special use permits upon a three-fifths concurring vote of the Board of Adjustment. The ordinance also stated that more restrictive statutory provisions would control. N.C. Gen. Stat. § 160A-388(e) requires special use permits to be granted by at least a four-fifths majority. Since the challenged permit was unanimously agreed to by all five members of Highland's Board of Adjustment, petitioners were not adversely affected by any invalidity in the ordinance concerning the necessary majority. Without being adversely affected by the ordinance, petitioners had no standing to challenge it. *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576 (1976).

The order appealed from is vacated, and the matter is remanded to the Superior Court for the entry of an order (1) dismissing the petition for a writ of certiorari filed 3 September 1981; (2) vacating the writ of certiorari granted 4 September 1981; and (3) reinstating the amended ruling of the Board of Adjustment dated 8 September 1981. The petitioners and respondents on the appeal to this Court will be taxed one-half (1/2) each of the costs of appeal.

Vacated and remanded.

Judges WHICHARD and BRASWELL concur.