KENTALLEN, INC. v. THE TOWN OF HILLSBOROUGH, THE BOARD
OF ADJUSTMENT FOR THE TOWN OF HILLSBOROUGH AND LARRY
CARROLL, SR., AND BETTY CARROLL

No. 9215SC636

(Filed 6 July 1993)

Municipal Corporations § 30.19 (NCI3d) — special exception permit —
adjoining landowner — no standing to contest issuance

Petitioner had no standing to contest the decision by re-
spondent Board of Adjustment to issue a special exception
permit allowing respondents to add to a metal storage building
at the rear of their property, since petitioner's allegation that
it was the "owner of adjoining property" did not satisfy the
pleading requirement that there be an allegation relating to
whether and in what respect petitioner's land would be adverse-
ly affected by the Board's issuance of the special exception
permit, and evidence that the requested construction would
increase "[t]he negative impact" on petitioner's property and
"would not be visually attractive" was much too general to
support a finding that petitioner had or would suffer any
pecuniary loss to its property due to the issuance of the permit.

Am Jur 2d, Licenses and Permits § 82.

Appeal by petitioner from order filed 17 March 1992 in Orange
County Superior Court by Judge F. Gordon Battle. Heard in the
Court of Appeals 13 May 1993.

*Cheshire, Parker and Butler, by D. Michael Parker, for
plaintiff/petitioner-appellant, Kentallen, Inc.*

*Michael B. Brough & Associates, by Jan S. Simmons, for
defendant/respondent-appellees The Town of Hillsborough and
The Board of Adjustment for the Town of Hillsborough.*

*Robert Maggiolo for defendant/respondents Larry Carroll, Sr.
and Betty Carroll (no brief filed).*

GREENE, Judge.

Respondents Larry Carroll, Sr. and Betty Carroll (the Carrolls) own property located within the limits of respondent Town of Hillsborough (the Town). The Carrolls applied, on 21 March 1991, to the Town's Planning Department for a permit to construct a thirty-foot by thirty-five-foot addition to a metal storage building located at the rear of their property. The existing metal storage building is located less than the required twenty feet from the rear boundary of the Carrolls' lot, and is a non-conforming use pursuant to the Town's Zoning Ordinance (the Ordinance). Notice of a public hearing on the matter before respondent Board of Adjustment for the Town of Hillsborough (the Board) was sent to nearby property owners. In response, Kentallen, Inc. (Kentallen), owner of the property adjoining the Carroll property, sent a letter to the Board stating in part that allowing the nonconforming use would substantially increase "[t]he negative impact" on its property. The letter was signed by Neal Littman (Littman). Littman also appeared at the public hearing on 10 April 1991, and testified that the view of the nonconforming building from the Kentallen property "would not be visually attractive." The Board issued a special exception permit on 11 April 1991, allowing the nonconforming use requested by the Carrolls.

On 10 May 1991, Kentallen filed a petition in superior court alleging that the addition to the metal storage building extends, enlarges, and expands the present nonconforming use of the metal storage building, and is, therefore, in violation of the Ordinance. Kentallen further alleged that it is "the owner of adjoining property, and is an aggrieved party." The petition prayed that a writ of certiorari be directed to the Board requiring that the Board forward the complete record of its decision on the Carrolls' application for a special exception permit to the superior court for consideration. An order granting the writ was filed 16 July 1991. A hearing was held on the matter on 24 February 1992. In a letter, which is included in the record, addressed to both parties and dated 28 February 1992, the trial judge stated that he had decided to affirm the decision of the Board and instructed respondents' counsel to prepare an appropriate order. The trial judge also stated that "I am not going to dismiss the proceeding because of any alleged lack of standing." The order affirming the Board's decision was filed 17 March 1992.

## KENTALLEN, INC. v. TOWN OF HILLSBOROUGH

[110 N.C. App. 767 (1993)]

Kentallen appeals, assigning as error the trial court's findings of fact as not supported by the evidence, the trial court's conclusions of law as not supported by the findings of fact, and that the trial court failed to consider the overall intent of the Ordinance in arriving at its decision.

Respondents cross-assign as error the trial court's failure to dismiss the action on the ground that Kentallen lacked standing to contest the issuance of the special exception permit.

---

The dispositive issue is whether Kentallen had standing to contest the Board's decision to issue the special exception permit.

North Carolina Gen. Stat. § 160A-388 allows cities and towns to appoint Boards of Adjustment for the purpose of hearing and deciding appeals from decisions of officials charged with the regulation of planning and development, including zoning. N.C.G.S. § 160A-388(a) (Supp. 1992). "Every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari." N.C.G.S. § 160A-388(e) (Supp. 1992). Only aggrieved parties have standing to seek such review. *Allen v. City of Burlington Bd. of Adjustment*, 100 N.C. App. 615, 618, 397 S.E.2d 657, 659 (1990). Aggrieved parties include owners of property upon which restrictions are imposed and "those who have sustained pecuniary damage to real property in which they have an interest." 3 Edward H. Ziegler, Jr., *Rathkopf's The Law of Zoning and Planning* §§ 43.02[1], 43.03[1] (1993) [hereinafter *Rathkopf's*]; *see Jackson v. Guilford County Bd. of Adjustment*, 275 N.C. 155, 161, 166 S.E.2d 78, 82 (1969) ("adjoining or nearby" property owner has standing if he "will sustain . . . from the proposed use . . . a reduction in the value of his own property"). Not only is it the petitioner's burden to prove that he will sustain a pecuniary loss, but he must also allege "the facts on which [the] claim of aggrievement is based." *Rathkopf's* at § 43.04[1]; 4 Robert M. Anderson, *American Law of Zoning* 3d § 27.23 (1986) (petitioner "must allege the circumstances which establish his status"); *see Heery v. Town of Highlands Zoning Bd. of Adjustment*, 61 N.C. App. 612, 614, 300 S.E.2d 869, 870 (1983). The petition must therefore allege "the manner in which the value or enjoyment of [petitioner's] land has been or will be adversely affected." *Rathkopf's* at § 43.04[1] (footnote omitted). Examples of adequate pleadings include allegations that the rezoning would cut off the light and air to the petitioner's property, increase

the danger of fire, increase the traffic congestion and increase the noise level. *Id.* Once the petitioner's aggrieved status is properly put in issue, the trial court must, based on the evidence presented, determine whether an injury "has resulted or will result from [the] zoning action." *Id.*

In this case, Kentallen's allegation that it is the "owner of adjoining property" does not satisfy the pleading requirement, in that there is no allegation relating to whether and in what respect Kentallen's land would be adversely affected by the Board's issuance of the special exception permit. Furthermore, the evidence presented before the Board, that the requested construction would increase "[t]he negative impact" on the petitioner's property and "would not be visually attractive," is much too general to support a finding that Kentallen will or has suffered any pecuniary loss to its property due to the issuance of the permit.

The order appealed from is vacated, and the matter is remanded to the trial court for entry of an order (1) dismissing the petition for a writ of certiorari filed 10 May 1991; (2) vacating the writ of certiorari granted 16 July 1991; and (3) reinstating the special exception permit issued by the Board on 11 April 1991.

Vacated and remanded.

Judges JOHNSON and WYNN concur.