STATE OF NORTH CAROLINA v. WALTER LINEMANN

No. COA98-1515

(Filed 7 December 1999)

**Courts— district court convictions—correction of clerical errors—appeal to superior court—untimeliness**

In a case involving defendant's purported appeal to the superior court of his convictions in the district court for attempted simple assault, simple assault, and communicating threats, the superior court's order is vacated and remanded because the superior court did not have jurisdiction in this case and should have dismissed defendant's appeal since: (1) the district court's origi-

nal judgment was entered on 22 September 1997; (2) defendant appealed the conviction on 2 October 1997, meeting the ten-day requirement under N.C.G.S. § 7A-290, but withdrew his appeal on 3 October 1997; (3) the district court's correction of clerical errors in the judgment on 10 March 1998 did not constitute a new judgment; and (4) defendant's purported appeal of 10 March 1998 pursuant to N.C.G.S. § 7A-290 was not timely since it was not made within ten days of the judgment on 22 September 1997.

Appeal by defendant from order entered 12 May 1998 by Judge Robert Farmer in Wake County Superior Court. Heard in the Court of Appeals 5 October 1999.

*Attorney General Michael F. Easley, by Associate Attorney General Christopher W. Brooks, for the State.*

*Kelly & Kelly, by George E. Kelly, III, for defendant-appellant.*

HUNTER, Judge.

Walter Linemann ("defendant") appeals the order of the superior court wherein it granted the State's motion for appropriate relief. We vacate on the basis that the superior court did not have jurisdiction.

First, we note that defendant does not have a right to appeal from the order of the superior court to this Court. Article 91 of the North Carolina General Statutes, entitled "Appeal to Appellate Division," indicates when a defendant in a criminal action may appeal to the appellate division. It provides that "[t]he ruling of the court upon a motion for appropriate relief is subject to review upon appeal or by writ of certiorari as provided in G.S. 15A-1422." N.C. Gen. Stat. § 15A-1444(f) (1997). While N.C. Gen. Stat. § 15A-1422 (1997) indicates that a defendant, in certain instances, may appeal the denial of his own motion for appropriate relief, it gives no indication that a defendant may appeal the granting of the State's motion for appropriate relief as is the case here. Defendant's purported appeal to this Court is therefore subject to dismissal. However, we elect to treat his attempt to appeal as a petition for writ of certiorari and grant that petition.

Briefly, the facts relevant to this appeal indicate that defendant was found guilty in Wake County District Court on 22 September 1997 for attempted simple assault, simple assault and communicating threats. On that same day, District Court Judge James R. Fullwood consolidated the sentences for these convictions to a term of 45 days,

which was suspended and defendant was placed on supervised probation for 12 months. On the sentencing form, each of the convictions was listed as a "Class 1" offense, defendant's race was listed as "W," and under "special conditions," the judge had required defendant to "report to probation officer when released from active sentence in 97CR 33161 [an unrelated charge] which is on appeal." Defendant entered a notice of appeal from these convictions to the Wake County Superior Court for a trial *de novo* on 2 October 1997, but withdrew said notice on 3 October 1997.

On or about 9 December 1997, defendant filed a motion for appropriate relief with the Wake County District Court pursuant to N.C. Gen. Stat. § 15A-1415(b) and N.C. Gen. Stat. § 15A-1419(b). In his motion, defendant alleged certain errors in the judgment, that the judgment was in violation of his North Carolina and United States Constitutional rights, and that he did not waive his right to a jury trial. Defendant's hearing on his motion was heard on 10 March 1998 and that same day Judge Fullwood corrected the errors cited by defendant by amending the judgment as follows: (1) labeling the defendant's race as "H" instead of "W"; (2) labeling the attempted simple assault conviction as a Class 3 misdemeanor instead of a Class 1 misdemeanor; (3) labeling the simple assault conviction as a Class 2 misdemeanor instead of a Class 1 misdemeanor; and (4) striking the language that read "report to probation officer when released from active sentence in 97CR 33161 which is on appeal" because defendant had subsequently been found not guilty in superior court of that unrelated charge. Judge Fullwood did not grant any other portion of defendant's motion. Defendant filed a notice of appeal of his conviction to Wake County Superior Court on that same date. His case was calendered for superior court on 27 April 1998. The record is unclear as to whether the superior court considered his appeal on that date.

On or about 30 April 1998, the State filed a "Motion For Appropriate Relief" in Wake County Superior Court wherein it requested that the superior court dismiss defendant's appeal and remand his case to the district court for lack of jurisdiction based on an untimely appeal, or reverse the district court's allowance of defendant's motion for appropriate relief. Superior Court Judge Robert Farmer ruled on the State's motion on 12 May 1998 and concluded that "[t]he district court judge did not have the authority, in granting the motion for appropriate relief, to set aside the original judgment and enter a new judgment without a new trial in district

court." Judge Farmer ordered that the district court's order of 10 March 1998, allowing defendant's motion for appropriate relief, be overturned. Defendant appeals.

Defendant contends that the superior court erred in allowing the State's motion for appropriate relief because it lacked authority to do so under N.C. Gen. Stat. § 15A-1416. This statute states:

> (a) After the verdict but not more than 10 days after entry of judgment, the State by motion may seek appropriate relief for any error which it may assert upon appeal.

> (b) At any time after verdict the State may make a motion for appropriate relief for:

>> (1) The imposition of sentence when prayer for judgment has been continued and grounds for the imposition of sentence are asserted.

>> (2) The initiation of any proceeding authorized under Article 82, Probation; Article 83, Imprisonment; and Article 84, Fines, with regard to the modification of sentences. The procedural provisions of those Articles are controlling.

N.C. Gen. Stat. § 15A-1416 (1997). Defendant argues that the State did not meet the ten-day deadline enunciated in § 15A-1416(a); therefore, the superior court lacked jurisdiction. The State agrees that it did not make the motion within the required ten-day period, but argues that the superior court lacked jurisdiction because defendant had no right to appeal the "amended judgment" of 10 March 1998. Therefore, the State contends, although captioned "Motion For Appropriate Relief," its motion should have been treated as a motion to dismiss because the State asked for this relief in the motion. We find the State's argument persuasive.

The record reveals that a new verdict or judgment was not rendered on 10 March 1998. As the superior court found, the district court only corrected clerical errors in the 22 September 1997 judgment on 10 March 1998, marking them "amended." Although defendant brought these misstatements to the court's attention in his motion for appropriate relief, the court's action did not change the substance of defendant's judgment and sentence. The court did not grant defendant a new trial or modify his sentence pursuant to Article 89 of

the North Carolina General Statutes, entitled "Motion for Appropriate Relief and Other Post-Trial Relief." The court here merely made the statements in the judgment and sentencing sheet "speak the truth." "It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth." *State v. Cannon,* 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956). When the trial court has corrected a clerical error in a judgment and commitment form, which had erroneously listed the class of the crime, the defendant is not entitled to a new sentencing hearing. *State v. Hammond,* 307 N.C. 662, 669, 300 S.E.2d 361, 365 (1983). Such action by the court in the present case related *nunc pro tunc* to the original judgment of 22 September 1997. *See State v. Cannon,* 244 N.C. at 406, 94 S.E.2d at 344 ("[i]t follows that the record in this case, as amended stands as if it had never been defective, or as if the entries had been made at the proper term"). Thus, the correction of a clerical error in a judgment does not constitute a new conviction or judgment.

According to defendant's purported appeal of 10 March 1998, he was appealing his "conviction" for a trial *de novo.* Defendant in no way indicated in the appeal filed on 10 March 1998 with the superior court, and does not contend in the present appeal to this Court, that he was attempting on 10 March 1998 to appeal the partial denial of his motion for appropriate relief. Therefore, we do not address whether such appeal would be proper in the superior court. Accordingly, we focus our inquiry on whether or not the superior court had jurisdiction over defendant's purported appeal of his conviction.

We note that "[a] defendant convicted in the district court before the judge may appeal to the superior court for trial de novo with a jury as provided by law." N.C. Gen. Stat. § 15A-1431(b) (1997). "Any defendant convicted in district court before the judge may appeal to the superior court for trial de novo. Notice of appeal may be given orally in open court, or to the clerk in writing within 10 days of entry of judgment." N.C. Gen. Stat. § 7A-290 (1995). "For the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." N.C. Gen. Stat. § 15A-1331(b) (1997). Defendant in the present case was adjudged guilty and judgment entered on 22 September 1997. He appealed that conviction on 2 October 1997, meeting the ten-day requirement under N.C. Gen. Stat. § 7A-290. However, defendant withdrew his appeal on 3 October 1997. We have held that the district court's correction of clerical errors in the judgment on 10 March 1998 did not constitute a new judgment. Thus, defendant's

purported appeal of 10 March 1998 pursuant to N.C. Gen. Stat. § 7A-290 was not timely as it was not made within 10 days of 22 September 1997.

N.C. Gen. Stat. § 7A-271, entitled "Jurisdiction of superior court," states: "(b) Appeals by the State or the defendant from the district court are to the superior court. The jurisdiction of the superior court over misdemeanors appealed from the district court to the superior court for trial de novo is the same as the district court had in the first instance[] . . . ." N.C. Gen. Stat. § 7A-271(b) (1995). Therefore, the superior court only gains jurisdiction over misdemeanors tried in district court when the defendant properly appeals. If a petitioner fails to perfect his appeal by giving timely notice of appeal from the lower court as required by statute, the superior court is without jurisdiction to review the ruling. *Mechanic Construction v. Haywood*, 56 N.C. App. 464, 465, 289 S.E.2d 134, 134 (1982) *(citing Spaulding Division of Questors Corp. v. DuBose*, 46 N.C. App. 612, 265 S.E.2d 501, *cert. denied*, 300 N.C. 375, 267 S.E.2d 678 (1980)). Because defendant in the present case did not meet the ten-day requirement of N.C. Gen. Stat. § 7A-290, he did not properly perfect his appeal. Therefore, the superior court lacked jurisdiction in the present case for a trial *de novo*.

If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction. *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964). Because the superior court did not have jurisdiction in defendant's case, it should have dismissed defendant's appeal upon the State's motion. Accordingly, we vacate the order of superior court and remand this case to the superior court for entry of an order dismissing defendant's appeal.

Vacated and remanded.

Judges GREENE and WALKER concur.