MASSEY v. CITY OF CHARLOTTE, 2000 NCBC 4

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 99-CVS-18764 |

BETHANIE C. MASSEY, et al.

**Plaintiffs**

**ORDER AND OPINION**

**v.**

**CITY OF CHARLOTTE AND**
**ALBEMARLE LAND COMPANY, LLC**

**Defendants.**

{1}     This matter is before the Court on Defendant Albemarle Land Company, LLC's Motion to Dismiss Petition for Writ of Certiorari.  This Court has received and reviewed Petitioners' brief in support of petition, Defendant's brief in opposition to the petition and Petitioners' reply, and oral arguments were heard.  At issue is whether the Petitioners have standing to challenge the City of Charlotte's decision to rezone a parcel of land owned by Albemarle Land Company, LLC ("Albemarle") to a conditional use district and to issue a conditional use permit.  For the reasons explained below, the Court finds that Petitioners have standing to challenge the rezoning decision, and therefore Defendant's motion to dismiss the writ of certiorari is DENIED.

*Hewson Lapinel Owens, P.A., by H.L. Owens, for Petitioner Bethanie C. Massey.*
*Robinson Bradshaw & Hinson, P.A., by Frank E. Emory, Jr., for Respondent Albemarle Land Company, LLC.*
*Robert E. Hagemann, for Respondent City of Charlotte.*

**I.**

{2}     In June of 1999, Albemarle filed a petition seeking the rezoning of approximately 42 acres of land on Albemarle Road in Charlotte, North Carolina from R-3 (Residential) to CC (Commercial  Center).  Upon approval of its petition, Albemarle intended to develop a retail center which would house two "big box" retailers (a Target and a Lowes Home Improvement Warehouse) and five out-parcels.  The schematic plan submitted with the application provided for a 100-foot buffer strip between the development and the neighboring property owners.  The neighboring landowners filed a written petition opposing the application.  Despite the unanimous recommendation of the Planning Staff and

the Zoning Committee that the application of Albemarle be denied, on November 15, 1999, the Charlotte City Council ("City Council") approved the application by a 6 to 5 vote.

{3}    On December 15, 1999, neighboring landowners filed a petition for writ of certiorari pursuant to N.C.G.S. § 160A-381(c) and Rule 19. Upon the motion of Senior Resident Superior Court Judge Shirley Fulton, this case was designated by the Chief Justice as a "complex business" case and assigned to the undersigned pursuant to Rule 2.1. A motion to dismiss was filed by the City of Charlotte on the grounds that the decision of the City Council was a legislative act, and therefore is not subject to review in the nature of a writ of certiorari. Defendant Albemarle joined the motion filed by the City of Charlotte, and in addition filed a separate motion to dismiss on the grounds that Petitioners lack standing to challenge the zoning decision. This Court found that the zoning decision was, in part, a quasi-judicial act, and therefore was subject to review on a writ of certiorari. Accordingly, this Order deals solely with the issue of whether Petitioners have standing to seek a writ of certiorari.

## II.

{4}    Albemarle argues that Petitioners are not "aggrieved parties," and therefore do not have standing to challenge the City's zoning decision. Albemarle points to North Carolina case law which establishes what Albemarle characterizes as a narrow definition of "aggrieved party." An aggrieved party is a person who has an "interest in the property affected" by the city council's action. *Pigford v. Bd. of Adjust.*, 49 N.C. App. 181, 182-83, 270 S.E.2d 535, 536 (1980). In order to challenge a rezoning ordinance, one must have a specific personal and legal interest in the subject matter affected by the ordinance and must be directly and adversely affected by the ordinance. *Davis v. City of Archdale,* 81 N.C. App. 505, 508, 344 S.E.2d 369, 371 (1986) citing *Taylor v. City of Raleigh,* 290 N.C. 608, 227 S.E.2d 576 (1976)*.* To have standing, an adjacent or nearby landowner must allege and show special damages distinct from the rest of the community. *Id.* (citing *Heery v. Zoning Bd. of Adjust.*, 61 N.C. App. 612, 300 S.E. 2d 869 (1983)). An aggrieved party must set forth specific facts which support her allegation of special damages. *Kentallen, Inc. v. Town of Hillsboro*, 110 N.C. App. 767, 769, 431 S.E.2d 231, 232 (1993).

{5}    Albemarle takes the position that Petitioners must allege more than a diminution in property value and burdens such as an increase in traffic, noise, or light. However, this Court finds the case law to hold otherwise. In order to establish standing, Petitioners must allege the manner in which the value or enjoyment of Petitioners' land will be adversely affected. *Kentallen*, 110 N.C. App. at 769, 431 S.E.2d at 232. In *Kentallen*, the North Carolina Court of Appeals stated that

[e]xamples of adequate pleadings include allegations that the rezoning would cut off the light and air to the petitioner's property, increase the danger of fire, increase the traffic congestion and increase the noise level. Once the petitioner's aggrieved status is properly put in issue, the trial court must, based on the evidence presented, determine whether an injury 'has resulted or will result from [the] zoning action.'

*Id.* at 769-70, 431 S.E.2d at 232 (quoting *Heery*, 61 N.C. App. at 614, 300 S.E.2d at 870).

{6}     In this case, Petitioners are neighboring landowners who were informed about the proposed development and who appeared at public hearings in opposition to the rezoning.   Petitioners have sufficiently alleged and proven:  (1) that the proposed development may have a negative effect on their property values, and (2) that the development may generate an increased amount of noise, light, odors, and traffic, which will diminish the value of their property and reduce their enjoyment of it.   For example, Petitioners have attested to the fact that their bedroom windows overlook the site of the proposed development, and that they will be disturbed by the increased light at night from the lights in the parking lot.  (Massey Aff.; R. Gilbert Aff.)   In addition, Petitioners have stated that they will be disturbed by the noise created by contractors picking up supplies in the early morning hours, and by noise from loudspeakers.  (Massey Aff.; R. Gilbert Aff.; P. Gilbert Aff.) Petitioners have explained that because their property is adjacent to the site, there is no residential buffer to block noise and light, therefore making them unique from other landowners in the community.  (Ramon Ryoti Aff.)   Finally, Petitioner Ragan Ryoti, who is a real estate agent, has attested that, in her experience, there is little interest among prospective buyers in a home which abuts a large commercial center.  (Ragan Ryoti Aff.)

{7}     Clearly, because of Petitioners' close proximity to the proposed development, they are likely to suffer damages unique from or to a greater extent than other members of the community.  This Court finds that Petitioners have established special damages that will be unique to them as neighboring landowners and that Petitioners, therefore, are aggrieved parties.  Accordingly, the allegations set forth by Petitioners are sufficient to grant Petitioners standing to seek a writ of certiorari.  The Petitioners have established, and the Court finds, that an injury has occurred as a result of the zoning action. Petitioners have an interest in property which may be directly and adversely affected by the zoning decisions at issue.

{8}     Furthermore, the case law on standing to challenge decisions of zoning authorities typically involves either a challenge to the validity of a zoning authority's decision, or a claim that the zoning board failed to follow the procedures provided for in the zoning ordinance.  In contrast, this case raises the issue of whether the procedures set forth in Charlotte's zoning ordinance comport with due

process. This Court has determined that, with respect to the system of conditional use district zoning implemented by the City of Charlotte, due process requires a two step process – first the City Council must make the legislative decision whether to rezone the property to a conditional use district; and second the City Council must decide whether to grant a conditional use permit, which is a quasi-judicial determination. In this case, the City of Charlotte concedes that it failed to follow quasi-judicial procedures when deciding whether to grant Albemarle's application for a conditional use permit. Certainly, the Petitioners were "aggrieved" by the fact that the statutorily mandated procedures, which were intended to provide neighboring landowners due process protection, were not followed. If this Court were to find that Petitioners lacked standing to challenge the zoning decision in this case, it would essentially prevent anyone from asserting her due process rights by challenging the validity of the procedures adopted by the City Council and set forth in the City's zoning ordinance. *See The County of Lancaster, South Carolina v. Mecklenburg County*, 334 N.C. 496, 434 S.E.2d 604 (1993) (assumed standing in order to address the important issue of the constitutionality of the county's zoning ordinance).

### Conclusion

{9}     Petitioners have alleged sufficient facts to establish that they are aggrieved parties and the Court finds that they are aggrieved parties as contemplated by the statute. *See* N.C.G.S. § 160A-388(e). Thus, the Petitioners have standing to challenge the City Council's zoning decision. Petitioners have established that their properties will be uniquely burdened by the inevitable consequences of the proposed development including increased noise, traffic, and light. Petitioners, at least one who is a real estate agent, have specifically stated that their property values will diminish as a result of the development, and no evidence has been established to the contrary. Furthermore, Petitioners are aggrieved parties in the sense that their due process rights were violated by the City Council's failure to follow the statutorily prescribed procedures for conditional use district zoning.

{10}    Therefore it is hereby ordered, adjudged and decreed that Defendant's motion to dismiss the petition for writ of certiorari is DENIED.


        This the 17th day of April, 2000.