PETER J. SARDA AND WIFE, PATRICIA T. SARDA, PETITIONERS V. CITY/COUNTY OF DURHAM BOARD OF ADJUSTMENT AND JOE MITCHELL, RESPONDENTS

No. COA02-284

(Filed 18 February 2003)

## Zoning— appeal of board of adjustment decision—standing

Petitioners lacked standing to appeal to superior court a board of adjustment decision to grant a special use permit where petitioners alleged that they were the owners of a residential tract about 400 yards from the proposed paintball playing field, but did not allege that they would suffer special damages distinct from the rest of the community.

Appeal by Respondents from order entered 22 October 2001 by Judge Narley L. Cashwell in Durham County Superior Court. Heard in the Court of Appeals 27 January 2003.

*Wallace, Creech & Sarda, L.L.P., by Peter J. Sarda and Richard P. Nordan, for petitioner-appellees.*

*Office of the Durham County Attorney, by Lowell S. Siler, for respondent-appellant City/County of Durham Board of Adjustment.*

*Law Office of Brenda M. Foreman, by Brenda M. Foreman, for respondent-appellant Joe Mitchell.*

ELMORE, Judge.

Joe Mitchell ("respondent Mitchell" or "Mitchell") moves this Court pursuant to N.C.R. App. P. 37(a) to determine: (1) that Peter J. Sarda and Patricia T. Sarda (collectively, "petitioners") lacked standing to appeal to the superior court from the City/County of Durham Board of Adjustment's ("respondent Board" or "Board") decision granting a special use permit in this matter; (2) that petitioners lack standing to be a party to the subsequent appeal to this Court from the superior court's order; and (3) that petitioners' appeal should be dismissed. We agree, and pursuant to N.C.R. App. P. 37(b), hereby allow respondent Mitchell's motion to dismiss the instant appeal.

On 24 October 2000, respondent Board granted a Minor Special Use Permit to respondent Mitchell, allowing Mitchell to operate a

"Paintball Playing Field" on a tract of land he owns in rural Durham County. Petitioners, owners of a residential tract located across North Carolina Highway 98 approximately four hundred (400) yards from Mitchell's tract, appeared at the hearing before the Board and unsuccessfully argued against issuance of the special use permit. Pursuant to N.C. Gen. Stat. § 153A-345(e) (2001), petitioners filed a Petition for Writ of Certiorari ("Petition") on 23 November 2000, seeking review by the Superior Court, Durham County, of the Board's decision to grant the special use permit. The Honorable Narley L. Cashwell heard this matter on 9 October 2001, and by his order filed 22 October 2001, the superior court reversed the Board's decision, finding specifically that the special use permit should not have been issued in the absence of "evidence which is competent, material and substantial in support of the Board's finding that the proposed use is not injurious to the value of the properties in the general vicinity."

Respondents thereafter filed separate Notice of Appeal from the superior court's judgment to this Court on 13 November 2001 (respondent Board) and 29 November 2001 (respondent Mitchell). On 28 May 2002, pursuant to N.C.R. App. P. 37(a), respondent Mitchell filed a "Motion to Dismiss Appeal (Contest Standing)." Respondent Mitchell's motion to dismiss the instant appeal was referred to this panel for determination.

In moving to dismiss the instant appeal, respondent Mitchell asserts that petitioners lacked standing to appeal to the superior court from the respondent Board's decision to issue the special use permit to respondent Mitchell. Respondent Mitchell further asserts that as a consequence of petitioners' lack of standing, (1) the superior court lacks subject matter jurisdiction over the controversy, such that its 22 October 2001 order reversing the Board's decision is a nullity; and (2) petitioners are not proper parties to the instant appeal before this Court.

In a case where, as in the case at bar, nearby landowners appealed to the superior court from a municipal board of adjustment's decision to grant a special use permit, this Court held that the nearby landowners lacked standing where

> the petitioners failed to allege, and the Superior Court failed to find, that petitioners would be subject to 'special damages' distinct from the rest of the community. Without a claim of special damages, the petitioners are not 'aggrieved' persons under N.C. Gen. Stat. § 160A-388(e), and they have no standing.

*Heery v. Zoning Board of Adjustment*, 61 N.C. App. 612, 614, 300 S.E.2d 869, 870 (1983). "[S]pecial damage[s]" are defined as "a reduction in the value of his [petitioner's] own property." *Id.* at 613, 300 S.E.2d at 870. N.C. Gen. Stat. § 160A-388(e) (2001) is a substantially parallel statute to N.C. Gen. Stat. § 153A-345(e), the subject statute in the case at bar.

In the instant case, as in *Heery*, petitioners have failed to allege, and the superior court has failed to find, that they would suffer "special damages distinct from the rest of the community" should respondent Mitchell receive the requested special use permit. Regarding petitioners' purported interest in the instant controversy, the Petition alleges only that they are "the record land owners of a tract of land located across the highway from Respondent's property, and are citizens and residents of Durham County, North Carolina." This is clearly insufficient to qualify as an allegation that petitioners would suffer "special damages distinct from the rest of the community" should the Board issue the requested permit. Petitioners' mere averment that they own land in the immediate vicinity of the property for which the special use permit is sought, absent any allegation of "special damages distinct from the rest of the community" in their Petition, is insufficient to confer standing upon them. *Lloyd v. Town of Chapel Hill*, 127 N.C. App. 347, 351, 489 S.E.2d 898, 900 (1997).

In any case or controversy before the North Carolina courts, "subject matter jurisdiction exists only if a plaintiff has standing." *Peacock v. Shinn*, 139 N.C. App. 487, 491, 533 S.E.2d 842, 845, *rev. denied*, 353 N.C. 267, 546 S.E.2d 110 (2000). "If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction." *State v. Linemann*, 135 N.C. App. 734, 739, 522 S.E.2d 781, 785 (1999) (citing *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964)). "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964).

For the reasons discussed above, we hold that (1) petitioners lacked standing to appeal to the superior court from the respondent Board's decision to issue the special use permit to respondent Mitchell; and (2) that petitioners lack standing to be proper parties to an appeal before this Court.

Because of petitioners' lack of standing, the order appealed from is vacated, and the matter is remanded to the superior court for the

entry of an order (1) dismissing the Petition for Writ of Certiorari filed 23 November 2000; and (2) reinstating the ruling of the Board of Adjustment dated 24 October 2000.

Vacated and remanded.

Chief Judge EAGLES and Judge McCULLOUGH concur.