CHARLIE CASPER, RICHARD LESSARD AND M. KATHLEEN LESSARD, WILLIAM MURRAY AND MARY MURRAY, JEFFREY SCHEURING AND MARIE SCHEURING, WILLIAM B. SUTTON AND ANNETTE SUTTON, Petitioners v. CHATHAM COUNTY AND THE CHATHAM COUNTY COMMISSIONERS, Respondents; JESSE FEARRINGTON, EARL THOMAS, DR. LESLIE YOW AND THE MOUNT PLEASANT UNITED METHODIST CHURCH BOARD OF TRUSTEES, Intervenor-Respondents

No. COA07-271

(Filed 16 October 2007)

**1. Zoning— conditional use permit—standing—special damages required**

The trial court correctly concluded that petitioners lacked standing to challenge a conditional use permit where they did not allege special damages distinct from the rest of the community. They alleged only that they own property abutting or near the property which is the subject matter of the permit.

**2. Zoning— conditional use permit—standing**

The question of whether the issuance of a conditional use permit was supported by the evidence was not considered where the plaintiffs lacked standing.

Appeal by petitioners from judgment and order entered 14 November 2006 by Judge Orlando F. Hudson, Jr. in Superior Court, Chatham County. Heard in the Court of Appeals 18 September 2007.

> *Northen Blue, LLP, by David M. Rooks, III, for plaintiffs-appellants.*
>
> *Bradshaw & Robinson, LLP, by Nicolas P. Robinson, for intervenor-respondents.*

WYNN, Judge.

To appeal the grant of a conditional use permit, a party must allege in his petition how the value or enjoyment of his land has been or will be adversely affected and prove that he will sustain a pecuniary loss.[1] Here, because Petitioners failed to allege special damages in their petition, we affirm.

Respondents Jesse Fearrington and Earl Thomas seek to develop property in Chatham County that they own or have contracted to buy from Respondents Leslie Yow and the Mount Pleasant United Methodist Church. On 17 April 2006, Fearrington filed an application for a conditional use district and a conditional use permit for a 29.6 acre specialty retail site known as "Fearrington Place," to be developed on U.S. 15-501 and Morris Road in Chatham County.

On 15 May 2006, the Chatham County Board of Commissioners held separate public hearings for the requested conditional use district and conditional use permit. Petitioners, neighboring property owners to the proposed development, appeared at the hearing and argued against the issuance of the conditional use permit. On 11 July 2007, the Chatham County Planning Board recommended approval of the proposed conditional use district and the conditional use permit.

On 17 July 2006, the Board of Commissioners agreed with the advisory Planning Board that the proposed conditional use district and conditional use permit were in conformity with the Land Use Plan and met the five required findings under the Chatham County Zoning Ordinance. Accordingly, the Board of Commissioners adopted an Ordinance Amending the Zoning Ordinance of Chatham County and approved Fearrington's requested conditional use permit.

Pursuant to N.C. Gen. Stat. § 153A-345(e) (2005), Petitioners filed a Petition for Writ of Certiorari on 25 July 2006, seeking review of the

---

1. *Kentallen, Inc. v. Hillsborough*, 110 N.C. App. 767, 769, 4331 S.E.2d 231, 232 (1993).

CASPER v. CHATHAM CTY.

[186 N.C. App. 456 (2007)]

Board of Commissioner's decision to grant the conditional use permit. On 14 November 2006, the trial court dismissed the petition on the basis that Petitioners lacked standing and affirmed the decision of the Board of Commissioners.

Petitioners appeal to this Court contending that the trial court erred by: (I) dismissing the petition for writ of certiorari and (II) concluding that the Board of Commissioners grant of the conditional use permit was supported by substantial, material, and competent evidence in the record.[2]

I.

[1] Petitioners first argue that the trial court erred by dismissing their petition on the grounds that Petitioners failed to allege special damages and therefore lacked standing to challenge the grant of the conditional use permit. We disagree.

Our General Statutes provide that any person aggrieved by the granting of a special use permit or conditional use permit may appeal.[3] *See* N.C. Gen. Stat. § 153A-340(c1) (2005) (providing that "the board of adjustment, the planning board, or the board of commissioners may issue special use permits or conditional use permits"); N.C. Gen. Stat. § 153A-345(b) (2005) ("Any person aggrieved . . . may take an appeal."). However, to be considered an "aggrieved person" and thus have standing to seek review, a party must claim special damages, distinct from the rest of the community. *Sarda v. City/Cty. of Durham Bd. of Adjust.*, 156 N.C. App. 213, 214, 575 S.E.2d 829, 830-31 (2003). "Special damages are defined as a reduction in the value of his [petitioner's] own property." *Id.* at 215, 575 S.E.2d at 831 (internal citation omitted). Additionally,

> [n]ot only is it the petitioner's burden to prove that he will sustain a pecuniary loss, but he must also allege the facts on which [the] claim of aggrievement is based . . . . Once the petitioner's aggrieved status is properly put in issue, the trial court must,

2. The attorney for Chatham County and the Chatham County Commissioners filed a motion giving notice of the County's intention not to defend the judgment on appeal, and the court allowed the County attorney to withdraw by order entered 15 February 2007.

3. Our Supreme Court has noted that "{a}s the statute implies, the terms 'special use' and 'conditional use' are used interchangeably . . . and a conditional use or a special use permit 'is one issued for a use which the ordinance expressly permits in a designated zone upon proof that certain facts and conditions detailed in the ordinance exist.'" *Coastal Ready-Mix Concrete co. v. Bd. of Comm'rs*, 299 N.C. 620, 623, 265 S.E.2d 379. 381 (1980) (internal citation omitted).

based on the evidence presented, determine whether an injury has resulted or will result from [the] zoning action.

*Kentallen, Inc. v. Hillsborough*, 110 N.C. App. 767, 769, 431 S.E.2d 231, 232 (1993) (internal citations and quotations omitted).

To have standing to seek review of the granting of a conditional use permit, a petitioner must first allege "the manner in which the value or enjoyment of [petitioner's] land has been or will be adversely affected." *Id.* (citation omitted). We have held that "[e]xamples of adequate pleadings include allegations that the rezoning would cut off the light and air to the petitioner's property, increase the danger of fire, increase the traffic congestion and increase the noise level." *Id.* at 769-70, 431 S.E.2d at 232. However, the "mere averment that [petitioners] own land in the immediate vicinity of the property for which the special use permit is sought, absent any allegation of special damages . . . in their Petition, is insufficient to confer standing upon them." *Sarda*, 156 N.C. App. at 215, 575 S.E.2d at 831 (quotation omitted) (citing *Lloyd v. Town of Chapel Hill*, 127 N.C. App. 347, 351, 489 S.E.2d 898, 900 (1997)); *Kentallen*, 110 N.C. App. at 770, 431 S.E.2d at 233 (holding that petitioner's allegation that it is the "owner of adjoining property" does not satisfy the pleading requirement).

In this case, Petitioners alleged in their petition only that they "own property either abutting or near the property which is the subject matter of the re-zoning and conditional use permit." Because Petitioners failed to allege any damages whatsoever, much less any special damages, the trial court correctly concluded that Petitioners lacked standing. Accordingly, we affirm.

## II.

[2] Petitioners next contend that the trial court erred by concluding that the decision of the Board of Commissioners granting the conditional use permit was supported by substantial, material, and competent evidence in the record as a whole. Having found Petitioners lack standing, we will not consider this issue.

It is well established that "[i]n any case or controversy before the North Carolina courts, subject matter jurisdiction exists only if a plaintiff has standing." *Sarda*, 156 N.C. App. at 215, 575 S.E.2d at 831 (quoting *Peacock v. Shinn*, 139 N.C. App. 487, 491, 533 S.E.2d 842, 845, *rev. denied*, 353 N.C. 267, 546 S.E.2d 110 (2000)). "If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdic-

tion." *Id.* (citing *State v. Linemann*, 135 N.C. App. 734, 739, 522 S.E.2d 781, 785 (1999)) (internal quotation omitted). Accordingly, we dismiss this assignment of error.

Affirmed in part, dismissed in part.

Judges HUNTER and JACKSON concur.