McGEE, Chief Judge, dissenting.
Because I do not believe the State had authority to seek review of the trial court's sua sponte grant of its MAR, I dissent.
I. In re Civil Penalty
The majority opinion holds that we are bound by this Court's prior ruling granting the State's petition for writ of certiorari, pursuant to In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989). I disagree.
*489 This Court has held:
A judgment or order that is void, as opposed to voidable, is subject to collateral attack. See Clark v. Carolina Homes, Inc., 189 N.C. 703, 708, 128 S.E. 20, 24 (1925) (holding that void judgments "yield to collateral attack, but [voidable judgments] never yield to a collateral attack ..."). A lack of subject matter jurisdiction renders the judgment or order void. See Jenkins v. Piedmont Aviation Servs., 147 N.C.App. 419, 425, 557 S.E.2d 104, 108 (2001) (" 'A lack of jurisdiction or power in the court entering a judgment always avoids the judgment, and avoid judgment may be attacked whenever and wherever it is asserted, without any special plea).' "
In re Webber, 201 N.C.App. 212, 220, 689 S.E.2d 468, 474-75 (2009) (citation omitted). I do not believe In re Civil Penalty serves to prevent this panel from addressing the issue of subject matter jurisdiction. I concur with the analyses of Judge Stephens and Judge *51 Dillon concerning this issue in State v. Stubbs. State v. Stubbs, --- N.C.App. ----, ----, and ----, 754 S.E.2d 174, 182 and 184-85 (2014) ("Stubbs I ").
Two of the three judges in Stubbs I agreed that this Court is not bound by the prior rulings of this Court when the issue is lack of subject matter jurisdiction. Stubbs I, --- N.C.App. at ---- and ----, 754 S.E.2d at 182 and 185 ; see also State v. Stubbs, 368 N.C. 40, ----, 770 S.E.2d 74, 75 (2015) ("Stubbs II ") ("The concurring and dissenting opinions disagreed with the lead opinion on that point, believing that each panel of the Court of Appeals has the authority and ability to address subject matter jurisdiction anew."). Because our Supreme Court did not rule on the jurisdictional issue raised in Stubbs II related to In re Civil Penalty -whether this Court can address lack of subject matter jurisdiction if a prior panel of this Court has already purported to grant certiorari in the same matter-the majority decision of this Court in Stubbs I, as related to jurisdiction, has not been overruled and informs my position on this issue. I do not believe we are bound by the actions of the prior panel granting certiorari in this matter, as I find that the prior panel lacked jurisdiction to enter that order, and it is therefore a nullity, of no effect, and subject to collateral attack at any time. Webber, 201 N.C.App. at 220, 689 S.E.2d at 474-75.
*490 II. N.C. Gen.Stat. § 15A-1422 and the State's Right to Certiorari
A.
The trial court sua sponte granted its own MAR in this matter. Trial courts have this authority pursuant to N.C. Gen.Stat. § 15A-1420(d), which states: "Action on Court's Own Motion. -At any time that a defendant would be entitled to relief by motion for appropriate relief, the court may grant such relief upon its own motion." N.C. Gen.Stat. § 15A-1420(d) (2013). This Court possesses only that authority granted it by statute to review actions of the trial court.
The jurisdiction of the Court of Appeals is established in the North Carolina Constitution: "The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. art. IV, § 12(2). Following such direction, the General Assembly has stated that the Court of Appeals "has jurisdiction ... to issue the prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice." N.C.G.S. § 7A-32(c) (2014). More specifically, and also relevant here, the General Assembly has specified when appeals relating to MARs may be taken[.]
Stubbs II, 368 N.C. at ----, 770 S.E.2d at 75-76 (emphasis added).
N.C. Gen.Stat. § 15A-1422 provides the authorization for review of the grant or denial of an MAR. Review of a ruling on an MAR is limited by N.C. Gen.Stat. § 15A-1422 to two instances: (1) where the relief was sought pursuant to N.C. Gen.Stat. § 15A-1414 and (2) where the relief was sought pursuant to N.C. Gen.Stat. § 15A-1415. N.C. Gen.Stat. § 15A-1422(b) and (c) (2013). There is no provision in N.C. Gen.Stat. § 15A-1422 for review of an MAR granted pursuant to N.C. Gen.Stat. § 15A-1420(d) -the statute allowing the trial court to move for appropriate relief on its own motion. Similarly, there is no provision for a defendant to seek review of an MAR granted upon the request of the State pursuant to N.C. Gen.Stat. § 15A-1416 :
First, we note that defendant does not have a right to appeal from the order of the superior court to this Court. Article 91 of the North Carolina General Statutes, entitled "Appeal to Appellate Division," indicates when a defendant in a criminal action may appeal to the appellate division.
*491 It provides that "[t]he ruling of the court upon a motion for appropriate relief is subject to review upon appeal or by writ of certiorari as provided in G.S. 15A-1422." N.C. Gen.Stat. § 15A-1444(f) (1997). While N.C. Gen. Stat. § 15A1422 (1997) indicates that a defendant, in certain instances, may appeal the denial of his own motion for appropriate relief, it gives no indication that a defendant may appeal the granting of the State's motion for appropriate relief as is the case here.
*52 State v. Linemann, 135 N.C.App. 734, 735, 522 S.E.2d 781, 782 (1999) (emphasis added). I see no reason why a defendant can be denied the right to appeal an MAR granted to the State pursuant to N.C. Gen.Stat. § 15A-1416, but the State could not be denied the right to appeal an MAR granted to the defendant pursuant to § 15A-1420(d). In addition, N.C. Gen.Stat. § 15A-1444 -"When defendant may appeal; certiorari," specifically provides that for a defendant, "[t]he ruling of the court upon a motion for appropriate relief is subject to review upon appeal or by writ of certiorari as provided in G.S. 15A-1422." N.C. Gen.Stat. § 15A-1444(f) (2013). The corresponding statute related to the State's right to appeal, N.C. Gen.Stat. § 15A-1445 -"Appeal by the State," contains no provision related to appeal or petition for writ of certiorari following the grant of an MAR in Defendant's favor, and contains no provision at all providing the State authority to seek review by writ of certiorari. N.C. Gen.Stat. § 15A-1445 (2013). I do not believe the State had any statutory authority to petition this court for review of the trial court's sua sponte grant of the MAR.
B.
The State argued in its petition that this Court has subject matter jurisdiction based upon the North Carolina Constitution and N.C. Gen.Stat. § 7A-32(c), which provides that this Court may issue writs of certiorari "as provided by statute or rule of the Supreme Court," or "according to the practice and procedure of the common law." The State's argument is apparently that N.C. Gen.Stat. § 7A-32(c) provides this Court with jurisdiction to issue a writ of certiorari in any instance in which to do so would be "in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts[.]" N.C. Gen.Stat. § 7A-32(c) (2013). The State ignores the portion of N.C. Gen.Stat. § 7A-32(c) limiting issue of writs of certiorari by this Court to what is "provided by statute or rule of the Supreme Court [.]" N.C. Gen.Stat. § 7A-32(c). Because the General Assembly has provided for instances in *492 which this Court may issue a writ of certiorari to review the grant of an MAR in N.C. Gen.Stat. § 15A-1422, we are bound by and limited to the authority granted therein. The State did not reference N.C. Gen.Stat. § 15A-1422 in its petition, nor did it ask this Court to issue a writ of certiorari pursuant to Rule 21 of the Rules of Appellate Procedure based upon failure to timely appeal, as required by N.C. Gen.Stat. § 15A-1422.[5]
In reviewing N.C. Gen.Stat. § 15A-1422, we must follow the established rules of statutory interpretation.
"In resolving issues of statutory construction, we look first to the language of the statute itself." It is a well-established rule of statutory construction that " '[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' "
Walker v. Bd. of Trustees of the N.C. Local Gov't. Emp. Ret. Sys., 348 N.C. 63, 65-66, 499 S.E.2d 429, 430-31 (1998) (citations omitted). Furthermore, " 'Under the doctrine of expressio unius est exclusio alterius, when a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list.' " Patmore v. Town of Chapel Hill N.C., --- N.C.App. ----, ----, 757 S.E.2d 302, 307, disc. review denied , 367 N.C. 519, 758 S.E.2d 874 (2014) (citation omitted).
I believe the language of the statute is clear and requires no interpretation. Furthermore, because N.C. Gen.Stat. § 15A-1422 includes provisions for review of MARs granted pursuant to N.C. Gen.Stat. §§ 15A-1414 and 1415, but not pursuant to *53 N.C. Gen.Stat. § 15A-1420(d), if statutory construction is required, I believe we are constrained to find that N.C. Gen.Stat. § 15A-1422 provides no basis for review pursuant to N.C. Gen.Stat. § 15A-1420(d). See Linemann, 135 N.C.App. at 735, 522 S.E.2d at 782 (because N.C. Gen.Stat. § 15A-1422 includes no right of review from the grant of *493 an MAR pursuant to N.C. Gen.Stat. § 15A-1416, no such right exists). Although the omission of an avenue for review of an MAR granted pursuant to N.C. Gen.Stat. § 15A-1420(d) -and pursuant to § 15A-1416 -perhaps constitutes an oversight, it is the province of the General Assembly, and not this Court, to rectify any deficiency in the statute, assuming one exists.
III. The Effect of Stubbs II
In Stubbs II, our Supreme Court stated the following:
The jurisdiction of the Court of Appeals is established in the North Carolina Constitution: "The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. art. IV, § 12(2). Following such direction, the General Assembly has stated that the Court of Appeals "has jurisdiction ... to issue the prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice." N.C.G.S. § 7A-32(c) (2014). More specifically, and also relevant here, the General Assembly has specified when appeals relating to MARs may be taken:
(c) The court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review:
(1) If the time for appeal from the conviction has not expired, by appeal.
(2) If an appeal is pending when the ruling is entered, in that appeal.
(3) If the time for appeal has expired and no appeal is pending, by writ of certiorari.
Id. § 15A-1422(c) (2014). Here, given the timing , appeal of the MAR would fall under subdivision (c)(3): by writ of certiorari . Notably, subsection 15A-1422(c) does not distinguish between an MAR when the State prevails below and an MAR under which the defendant prevails. Accordingly, given that our state constitution authorizes the General Assembly to define the jurisdiction of the Court of Appeals, and given that the General Assembly has given that court broad powers "to supervise and control the proceedings of any of the trial courts of the General Court of Justice," id. § 7A-32(c), and given that the *494 General Assembly has placed no limiting language in subsection 15A-1422(c) regarding which party may appeal a ruling on an MAR, we hold that the Court of Appeals has jurisdiction to hear an appeal by the State of an MAR when the defendant has won relief from the trial court.
Stubbs II, 368 N.C. at ----, 770 S.E.2d at 75-76 (emphasis added). I believe that N.C. Gen.Stat. § 15A-1422, as interpreted by our Supreme Court, provides the State with the statutory authority required for direct appeal of an MAR when requested by a defendant pursuant to N.C. Gen.Stat. §§ 15A-1414 or 15A-1415. In my opinion, the language in Stubbs II clearly implies that, when a defendant moves for appropriate relief, any of the enumerated avenues of appeal are available to the State, depending on when the MAR is ruled upon. Certiorari was the only avenue available in Stubbs because "given the timing, appeal of the MAR would fall under subdivision (c)(3): by writ of certiorari." Id. at ----, 770 S.E.2d at 76 (emphasis added). In the present case, because the trial court granted the MAR immediately following sentencing, the State, assuming arguendo Defendant had moved for the MAR, would have been required to directly appeal the order granting the MAR. Pursuant to N.C. Gen.Stat. §§ 15A-1422(b) and (c)(1), there was no authority granting jurisdiction to this Court to proceed pursuant to writ of certiorari. As stated above, I do not believe there is any right of review in the General Statutes for an MAR granted pursuant to N.C. Gen.Stat. § 15A-1420(d). However, even assuming arguendo there is such a right of review, the State would have been required by N.C. Gen.Stat. § 15A-1422 (b) or (c) to directly appeal the MAR, which it failed to do. Certiorari, pursuant to *54 N.C. Gen.Stat. § 15A-1422(c)(3) is only available if the trial court grants or denies an MAR after the time for appeal of the underlying judgment has expired and no appeal is pending. Id. There was no avenue that was available to the State to challenge the trial court's sua sponte granting of the MAR in favor of Defendant over three months after the MAR was granted. N.C. Gen.Stat. § 15A-1422 ; N.C.R.App. P. 4 (2015).
Assuming, arguendo, this Court could appropriately review the State's petition as if the trial court proceeded pursuant to N.C. Gen.Stat. § 15A-1415, because the trial court ruled on the MAR before "the time for appeal from the conviction [had] expired," the State was still required to challenge the trial court's ruling "by appeal." N.C. Gen.Stat. § 15A-1422(c)(1). Even assuming arguendo that N.C. Gen.Stat. § 15A-1422(c)(3) could provide an avenue for review by certiorari in this instance, I do not believe N.C. Gen.Stat. § 15A-1422(c)(3) allows a petitioner-in this case the State-to sit on its right to seek review indefinitely.
*495 N.C. Gen.Stat. § 15A-1422 (c)(3) states: "The court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review:" "If the time for appeal has expired and no appeal is pending, by writ of certiorari." N.C. Gen.Stat. § 15A-1422(c)(3) (emphasis added). Rule 21 of the North Carolina Rules of Appellate Procedure, entitled "Certiorari," states in relevant part:
(c) Same; Filing and service; Content. The petition [for writ of certiorari ] shall be filed without unreasonable delay and shall be accompanied by proof of service upon all other parties.
....
(e) Petition for Writ in Postconviction Matters; to Which Appellate Court Addressed. Petitions for writ of certiorari to review orders of the trial court denying motions for appropriate relief upon grounds listed in N.C.G.S. § 15A-1415(b) by persons who have been convicted of murder in the first degree and sentenced to death shall be filed in the Supreme Court. In all other cases such petitions shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases. In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the court.
N.C.R.App. P. 21 (2015) (some emphasis added). Review by certiorari is not available in the present case because "the time for appeal [had not ] expired" when the ruling on the MAR was made, and the State failed to timely appeal or petition for writ of certiorari within a reasonable time following the ruling granting the MAR. N.C. Gen.Stat. § 15A-1422(c)(3) (emphasis added); N.C.R.App. P. 21 ; see also State v. Foreman, 364 N.C. 328, 701 S.E.2d 669 (2010) (unreasonable delay in petitioning for writ of certiorari will result in denial of the petition); In re L.R., 207 N.C.App. 264, 699 S.E.2d 479 (2010) (unpublished opinion) ("The 'Rules of Appellate Procedure do not set forth a specific time period in which a [petitioner] must file a petition for writ of certiorari, ' but the court must in its discretion determine what constitutes an unreasonable delay in relation to the circumstances in each case. In our discretion, we decline to review the adjudication order of 7 July 2009 because [the petitioner] has not shown any reason for her delay in appealing that order and *496 her failure to timely assert her right of appeal. [The petitioner] waited ten months after the 7 July 2009 adjudication order before filing a petition for writ of certiorari. [The petitioner] gives no reason for this long delay. Therefore, the 7 July 2009 order remains valid and final, and we do not address [the petitioner's] arguments regarding that order.") (citation omitted).
I would therefore hold: (1) This Court is not bound by the order of the prior panel of this Court granting certiorari because the prior panel lacked subject matter jurisdiction and, therefore, its order is a nullity; (2) this Court has not been granted jurisdiction by the General Assembly to review the grant or denial of an MAR pursuant to N.C. Gen.Stat. § 15A-1420(d) ; and (3) even assuming, arguendo, *55 this Court could have jurisdiction pursuant to N.C. Gen.Stat. §§ 15A-1422 (b) or (c), the State has failed to act in a timely manner in either appealing or petitioning for review and has not shown any reason for the delay. The State's petition for writ of certiorari and appeal should be dismissed.

We note that prior opinions of this Court have held that when, as in the present case, the State has no right to appeal the underlying judgment (because there was no alleged error in the underlying judgment), the State cannot appeal a subsequent grant of an MAR in the defendant's favor. See State v. Starkey, 177 N.C.App. 264, 266-67, 628 S.E.2d 424, 425-26 (2006) ; State v. Griffin, 215 N.C.App. 391, 716 S.E.2d 87 (2011) (unpublished opinion). It is my belief that Stubbs II implicitly overrules those portions of the opinions of this Court limiting review in this manner.