TRUSTEE SERVICES, INC., PETITIONER v. R.C. KOONTS AND SONS MASONRY, INC.,
ROY CLIFTON KOONTS, III, DAVID CRAIG KOONTS AND EDITH L. KOONTS,
RESPONDENTS

No. COA09-406

(Filed 2 February 2010)

**1. Jurisdiction— subject matter—superior court—transferred from clerk of superior court**

The superior court had subject matter jurisdiction over defendant's appeal from the clerk of superior court's order authorizing petitioner to proceed with a foreclosure. When a civil action or special proceeding begun before the clerk of a superior court is sent to a superior court judge, the judge has jurisdiction.

**2. Deeds— trust—order dismissing petition to foreclose**

The trial court did not err in ruling that petitioner was not authorized to proceed with a foreclosure as the promissory notes under which petitioner was attempting to foreclose did not give petitioner the right to foreclose on property referenced in a prior deed of trust.

Appeal by Petitioner from order entered 19 December 2008 by Judge Richard L. Doughton in Davidson County Superior Court. Heard in the Court of Appeals 1 October 2009.

*Biesecker, Tripp, Sink & Fritts, L.L.P., by Joe E. Biesecker and Christopher A. Raines, for Petitioner-Appellant.*

*Nachamie & Whitley, PLLC, by W. Darrell Whitley, for Respondents-Appellees.*

BEASLEY, Judge.

Trustee Services, Inc. (Petitioner) appeals an order dismissing a petition to foreclose upon a deed of trust. For the following reasons, we affirm.

In November 1999, grantors, Roy Clifton Koonts, Jr. (Junior) and his wife, Edith L. Koonts (Edith), executed a deed of trust (Deed of Trust) for $130,000.00 in favor of Lexington State Bank (LSB). The trustee was named as Trustee Services, Inc. The Deed of Trust contained the following language, in pertinent part:

[T]he Grantor is indebted or expects to become indebted to the Note Holder for future obligations which may be incurred from time to time for money loaned or debt guaranteed[.]

[T]he amount of present obligations secured by this Deed of Trust is One Hundred Thirty Thousand Dollars . . . and the maximum amount which may be secured by this Deed of Trust at any one time is One Hundred Thirty Thousand Dollars . . . which future obligations may be incurred within a period of fifteen (15) years from the date of this instrument[.]

Grantor has agreed to secure the present obligations and future obligations which may from time to time be incurred by the conveyance of the premises hereinafter described;

Also in November 1999, Roy Clifton Koonts, III (Roy), David Craig Koonts (David), and Danny Glenn Koonts (Danny), as partners of R.C. Koonts and Sons Masonry, a North Carolina general partnership, executed a promissory note for $130,000.00 in favor of LSB. Junior and Edith also signed the promissory note as cosigners. This note was eventually paid off, but LSB did not cancel the November 1999 Deed of Trust because it had a future advances clause, allowing for the Deed of Trust property to serve as collateral for future loans.

In April 2002, Roy and David, as president and vice president, respectively, of R.C. Koonts and Sons Masonry, Inc., executed a promissory note to LSB in the amount of $382,381.74. Edith signed a commercial guaranty, guaranteeing the debts of R.C. Koonts and Sons Masonry, Inc. The commercial guaranty stated the following, in pertinent part:

The amount of this Guaranty is Unlimited.

For good and valuable consideration, Edith L. Koonts ("Guarantor") absolutely and unconditionally guarantees and promises to pay to [LSB] ("Lender") or its order . . . the indebtedness . . . of R.C. Koonts and Sons Masonry, Inc. ("Borrower") to Lender on the terms of conditions set forth in this Guaranty. Under this Guaranty, the liability of Guarantor is unlimited and the obligations of Guarantor are continuing.

In November 2004, R.C. Koonts and Sons Masonry, Inc. executed a promissory note in favor of LSB for $417,306.14. A portion of the money from the November 2004 note was used to pay off the April 2002 note. In July 2005, the November 2004 note for $417,306.14 was renewed by R.C. Koonts and Sons Masonry, Inc.

TR. SERVS., INC. v. R.C. KOONTS & SONS MASONRY, INC.

[202 N.C. App. 317 (2010)]

R.C. Koonts failed to make payments as was required by the terms of the July 2005 promissory note. In response, Petitioner filed a petition for order of foreclosure, requesting to "exercise the power of sale contained in the deed of trust for the purpose of satisfying the indebtedness." In November 2008, the Clerk of Davidson County Superior Court authorized Petitioner to proceed with the foreclosure. David, in his individual capacity, filed a notice of appeal to Davidson County Superior Court.

In December 2008, the Davidson County Superior Court filed an Order, dismissing the foreclosure. The trial court found that Petitioner did not have a right to foreclose under the terms of the promissory note or under the Deed of Trust executed in November 1999. From this Order, Petitioner appeals.

---

[1] Petitioner first argues that the trial court did not have subject matter jurisdiction over the appeal of the Clerk's order, permitting foreclosure, and therefore, had no jurisdiction to enter its order dismissing the foreclosure proceeding. Petitioner contends that "there was no appealing party before it who had standing to challenge the Clerk's order permitting foreclosure."

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." *In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003) (internal quotations omitted). " '[I]f a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction.' " *In re Miller*, 162 N.C. App. 355, 359, 590 S.E.2d 864, 866 (2004) (quoting *State v. Linemann*, 135 N.C. App. 734, 739, 522 S.E.2d 781, 785 (1999)). " '[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal *de novo*.' " *Childress v. Fluor Daniel, Inc.*, 172 N.C. App. 166, 167, 615 S.E.2d 868, 869 (2005) (quoting *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004)).

Petitioner contends that "in any case or controversy before the North Carolina courts, subject matter jurisdiction exists only if a plaintiff has standing." *Casper v. Chatham Cty.*, 186 N.C. App. 456, 459, 651 S.E.2d 299, 302 (2007) (internal quotation omitted). Petitioner also argues that "only a 'party aggrieved' has standing to appeal and may appeal an adverse ruling." Although we agree with the Petitioner on these points, we are not convinced by Petitioner's

argument that the trial court did not have jurisdiction to enter its order dismissing the foreclosure proceeding.

"When a proceeding before the clerk is brought before the superior court, the court's jurisdiction is not appellate or derivative; it is original." *Hassell v. Wilson*, 301 N.C. 307, 311, 272 S.E.2d 77, 80 (1980) (citations omitted). In *Redevelopment Comm.*, the North Carolina Supreme Court held that, "when a proceeding is *erroneously* transferred to the superior court, and the judge takes 'jurisdiction' pursuant to [N.C. Gen. Stat. § 1-276], he may in his discretion make new parties, allow them to answer, and hold the case for jury determination before further proceedings are held." 277 N.C. 634, 638, 178 S.E.2d 345, 347 (1971) (citation omitted). Also, *Redevelopment Comm.* states the following:

> Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so.

*Id.* at 638, 178 S.E.2d at 347 (quoting N.C. Gen. Stat. § 1-276).

N.C. Gen. Stat. § § 1-272 through 1-276 were repealed in January 2000 and replaced by N.C. Gen. Stat. § 1-301.1 *et seq.*, all of which address appeals and transfers from the clerk of superior court to the trial courts. N.C. Gen. Stat. § 1-301.1(c) (2009) states that:

> [u]pon appeal, the judge may hear and determine all matters in controversy in the civil action, unless it appears to the judge that any of the following apply: (1) The matter is one that involves an action that can be taken only by a clerk. (2) Justice would be more efficiently administered by the judge's disposing of only the matter appealed.

Assuming *arguendo* that the present case was erroneously transferred to the superior court, "nevertheless, the judge of superior court had full power to consider and determine all matters in controversy as if the cause was originally before him." *Redevelopment Comm.*, 277 N.C. at 639, 178 S.E.2d at 348. We conclude that the trial judge had the discretion to add any necessary parties and did not err by taking jurisdiction pursuant to N.C. Gen. Stat. § 1-301.1. This assignment of error is overruled.

TR. SERVS., INC. v. R.C. KOONTS & SONS MASONRY, INC.

[202 N.C. App. 317 (2010)]

**[2]** Next, Petitioner argues that even if the trial court had proper jurisdiction, the trial court erred in ruling that Petitioner was not authorized to proceed with the foreclosure. We disagree.

"The applicable standard of review on appeal where, as here, the trial court sits without a jury is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings." *In re Foreclosure of Azalea Garden Bd. & Care, Inc.*, 140 N.C. App. 45, 50, 535 S.E.2d 388, 392 (2000). The trial court, in an appeal of a foreclosure action, was:

> to conduct a *de novo* hearing to determine the same four issues determined by the clerk of court: (1) the existence of a valid debt of which the party seeking foreclosure is the holder, (2) the existence of default, (3) the trustee's right to foreclose under the instrument, and (4) the sufficiency of notice of hearing to the record owners of the property.

*Id.* at 50, 535 S.E.2d at 392.

In its Order, the trial court found the following facts, in pertinent part:

> [Edith] executed a promissory note [in November 1999], and secured that promissory note by executing a Deed of Trust[.] Said Deed of Trust contained a future advance clause.

> [In April 2002, Edith] executed a "Commercial Guaranty" guaranteeing the debts of R.C. Koonts and Sons Masonry, Inc. Said guaranty did not convey a security interest in real estate, nor did the guaranty reference a security instrument, nor did the guaranty contain the right to foreclose in the event of a default by R.C. Koonts and Sons Masonry, Inc.

> [In April 2002], the Promissory Note secured by the Deed of Trust . . . was paid and subsequently was marked paid by the Note Holder.

> R.C. Koonts and Sons Masonry, Inc. . . . did, [in November 2004] execute a promissory note in the sum of $417,306.14[.] Said promissory note was renewed by R.C. Koonts and Sons Masonry, Inc[. in July 2005].

> [Edith] did not execute the [November 2004] promissory note, nor did she execute the [July 2005] renewal of that note.

R.C. Koonts and Sons Masonry, Inc. failed to make payments [as] required by the terms of the [July 2005] promissory note and are in default[.] Petitioner commenced this action to foreclose on the [July 2005] note and [November 1999] Deed of Trust.

Pursuant to the terms of the Promissory Note executed [July 2005], the Note Holder does not have a right to foreclose under the terms of the promissory note or under the Deed of Trust executed [November 1999], and the Trustee cannot proceed under the instrument to foreclose the property described in the Deed of Trust.

There is competent evidence that Edith executed a promissory note in 1999, securing it with a Deed of Trust in November 1999. The language in the future advances clause of the November 1999 Deed of Trust specifically states that "[u]pon the request of *Grantor*, Note Holder . . . [may] make future advances to *Grantor*, permit *Grantor* to secure future obligations . . . and permit future advances and obligations[.]" (emphasis added). Because the Grantor under the Deed of Trust was Junior and Edith, any future advances would have had to been made to either Junior or Edith in order for them to be secured by the Deed of Trust.

The 1999 promissory note required that R.C. Koonts and Sons Masonry, as well as the cosigners, which included Junior and Edith, pay LSB until the note was paid in full. The 1999 promissory note was marked "paid" in April 2002. The security interest, which is "an interest in personal property or fixtures which secures payment or performance of an obligation[,]" became null and void once the obligation to pay the promissory note was fulfilled. N.C. Gen. Stat. § 25-1-201(a)(35) (2009).

The promissory note under which Petitioner is attempting to foreclose are the 2004 and 2005 promissory notes. However, both of these notes were made only to R.C. Koonts and Sons Masonry, Inc. There is no evidence that either Edith or Junior made any other future advances, using the 1999 Deed of Trust as a security interest. In April 2002, Edith did execute a Commercial Guaranty, "absolutely and unconditionally guarantee[ing] . . . to pay to [LSB] . . . the indebtedness of R.C. Koonts and Masonry, Inc." A review of the Commercial Guaranty shows us that there is in fact no conveyance of a security interest in real estate, no reference to a security instrument, nor mention of a right to foreclose in the event of a default by R.C. Koonts and Sons Masonry, Inc. Therefore, Petitioner did not have a right to fore-

BUILDERS MUT. INS. CO. v. GLASCARR PROPS., INC.

[202 N.C. App. 323 (2010)]

close on the property referenced in the Deed of Trust under the Commercial Guaranty, nor the 2004 and 2005 promissory notes.

Based on the evidence before us, we conclude that the trial court's findings of fact were supported by competent evidence. The trial court did not err in concluding that Trustee did not have authorization to proceed with the foreclosure. This assignment of error is overruled.

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

Judges STEPHENS and HUNTER, JR. concur.