IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1302

 Filed: 17 September 2019

Mecklenburg County, No. 16-SP-2777

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED
BY REBECCA WORSHAM AND GREG B. WORSHAM DATED JANUARY 8, 2007
AND RECORDED IN BOOK 21638 AT PAGE 600 IN THE MECKLENBURG
COUNTY PUBLIC REGISTRY, NORTH CAROLINA.

 Appeal by Respondents from order entered 13 August 2018 by Judge Hugh B.

Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 7

August 2019.

 Bradley Arant Boult Cummings LLP, by Brian M. Rowlson, for Petitioner-
 Appellee.

 Scarbrough & Scarbrough, PLLC, by Madeline J. Trilling, for Respondents-
 Appellants.

 BROOK, Judge.

 Rebecca and Greg Worsham (“Respondents”) appeal the trial court’s order

allowing foreclosure of their home to proceed. In a prior appeal, we reversed the order

of the trial court allowing foreclosure of Respondents’ home to proceed, remanding

the matter for further proceedings. See In re Worsham, ___ N.C. App. ___, 815 S.E.2d

746, 2018 WL 3233086 (2018) (unpublished) (“Worsham I”). The present appeal

originates from those proceedings. For the reasons that follow, we affirm the order

of the trial court.

 I. Background
 IN RE WORSHAM II

 Opinion of the Court

 The facts of this dispute are set out more fully in our opinion in Worsham I and

we recount only those necessary to resolve the instant appeal. On 12 April 2005

Respondents purchased a home located at 3501 Providence Road, in Charlotte, North

Carolina, financing the purchase with a loan secured by a deed of trust. On 8 January

2007, Respondents refinanced the home, securing the refinancing with a deed of trust.

The deed of trust from the 2007 refinancing was recorded with the Mecklenburg

County Register of Deeds. Respondents have not made any payments on the note

from the 2007 refinancing since 2012.

 The note provides in relevant part that if the borrower is “in default, the Note

Holder may send [] a written notice telling [the borrower] that if [the borrower] do[es]

not pay the overdue amount by a certain date, the Note Holder may require [the

borrower] to pay immediately the full of amount of Principal which has not been paid

and all the interest that [the borrower] owe[s] on that amount.” On 21 March 2016

Respondents were notified that they were in default and that foreclosure proceedings

would be initiated if the default was not cured.

 On 19 July 2016 the substitute trustee initiated foreclosure proceedings with

the clerk of Mecklenburg County Superior Court. The matter was dismissed by the

clerk on 6 December 2016 because the clerk did not believe there was sufficient

evidence of the substitute trustee’s authority to foreclose under the deed of trust. On

 -2-
 IN RE WORSHAM II

 Opinion of the Court

8 December 2016, HSBC Bank USA, N.A. (“Petitioner”) appealed the clerk’s order for

a de novo hearing in superior court.

 Judge Hugh B. Lewis presided over a hearing on 13 March 2017, during which

the original note, a certified copy of the deed of trust, and a certified copy of the

assignment of the deed of trust were submitted to the court. On 12 April 2017, the

court entered an order allowing foreclosure to proceed. Respondents timely appealed.

 In an unpublished opinion, this Court on 3 July 2018 reversed the trial court’s

order and remanded the matter for further proceedings. See Worsham I, at *1. In

our opinion we explained that reversal was required because the trial court had not

found in the 12 April 2017 order that Petitioner was the holder of the debt evidenced

by the note, as N.C. Gen. Stat. § 45-21.16(d) requires. Id. at *3. We therefore

remanded the matter for further proceedings because the trial court had “summarily

concluded that Petitioner had the right to foreclose on the property without first

having made a finding whether Petitioner was the holder of the debt at issue.” Id.

(emphasis added). We noted in conclusion that “[o]n remand, the trial court may . . .

make additional findings based on the existing record.” Id. at *4 (emphasis added).

 After the mandate of our 3 July 2018 opinion had issued, on 13 August 2018,

without further hearing on remand, the trial court entered an order allowing the

foreclosure to proceed, finding as follows:

 1. That Respondent Rebecca Worsham originally
 executed a promissory note in the amount of $249,000 in

 -3-
 IN RE WORSHAM II

 Opinion of the Court

favor of lender Delta Funding Corporation.

2. That the promissory note was secured by a Deed of
Trust executed by both Respondents, with such Deed of
Trust being an encumbrance on the real property located
at 3501 Providence Road, Charlotte, North Carolina 28211
(“Property”). The Deed of Trust contains a valid and
enforceable power of sale provision.

3. That Petitioner is currently in possession of the
original promissory note and presented the original
promissory note to the court at the hearing without
objection by the Respondents.

4. That the original promissory note provided by
Petitioner contains a chain of valid and complete
indorsements from Delta Funding Corporation to
Petitioner HSBC Bank USA, N.A., as Indenture Trustee
for the Registered Noteholders of Renaissance Home
Equity Loan Trust 2007-1.

5. That Petitioner produced certified copies of the
recorded 1) Deed of Trust securing the Property, 2) the
assignment of the deed of trust to Petitioner, and 3)
appointment of substitute trustees.

6. That the evidence provided by Petitioner, including
the affidavit, loan payment history and correspondence,
and by Respondents’ own admission at the hearing, show
that the Respondents have repeatedly failed to make each
of the monthly payments as required by the promissory
note for several years. Respondents did not provide
evidence at the hearing refuting this evidence of this
continuing and ongoing default.

7. That Petitioner sent Respondent Rebecca Worsham
a pre-foreclosure notice dated March 21, 2016, advising of
Petitioner’s intent to foreclose if the ongoing and
continuing default was not corrected within 45 days.
Respondent failed to correct the default.

 -4-
 IN RE WORSHAM II

 Opinion of the Court

 8. That the Respondents are not in the military and
 received the required notice of hearing.

The trial court therefore made the following conclusions of law:

 1. Service. Each person/entity entitled to notice was
 duly served with proper notice as provided by law.

 2. Holdership of Note and Validity of Debt: That
 Petitioner HSBC Bank USA, N.A., as Indenture Trustee
 for the Registered Noteholders of Renaissance Home
 Equity Loan Trust 2007-1 is the holder of said promissory
 note and Deed of Trust to be foreclosed, and that the
 promissory note evidences a valid debt owed by
 Respondents.

 3. Default: That Respondents are now in default of the
 promissory note, and the Deed of Trust gives Petitioner the
 right to foreclose under a power of sale and is enforceable
 according to its terms.

 4. Home Loan Status: That the underlying promissory
 note is a home loan as provided by N.C. Gen. Stat. § 45-
 101(1b), the requisite pre-foreclosure notice was provided
 in all material respects, and that all relevant periods of
 time have elapsed prior to the filing of a notice of hearing
 in this foreclosure proceeding.

 5. Military Status: That the foreclosure sale is not
 barred by N.C.G.S. § 45-21-12A because the provisions of
 N.C.G.S. § 45-21-12A are inapplicable to this current
 proceeding and Respondents do not challenge this
 statutory element.

 6. That no valid defense or evidence was presented to
 the Court by the Respondents as to why the foreclosure
 should not proceed.

 7. Per the July 3, 2018 decision of the North Carolina

 -5-
 IN RE WORSHAM II

 Opinion of the Court

 Court of Appeals, this Order is intended to replace and
 supersede the Order Authorizing the Foreclosure of the
 Property Through the Power of Sale Authorized by the
 Deed previously entered by this Court on April 12, 2017.

Respondents timely appealed the trial court’s 13 August 2018 order.

 II. Analysis

 Respondents raise a number of arguments on appeal, which we address in

turn. We begin, however, with an overview of the relevant law. We go on to hold (1)

that the trial court’s challenged findings were supported by competent evidence; (2)

that the trial court’s findings were made with adequate specificity, and included the

findings necessary to support the conclusions the trial court reached; (3) that the trial

court’s findings did, in fact, support its conclusions of law; and (4) that the trial court’s

conclusions of law were not erroneous. We therefore affirm the trial court’s order.

 A. Standard of Review

 The applicable standard of review on appeal where, as
 here, the trial court sits without a jury is whether
 competent evidence exists to support the trial court's
 findings of fact and whether the conclusions reached were
 proper in light of the findings. . . . The trial court, in an
 appeal of a foreclosure action, was to conduct a de novo
 hearing to determine the same four issues determined by
 the clerk of court: (1) the existence of a valid debt of which
 the party seeking foreclosure is the holder, (2) the existence
 of default, (3) the trustee’s right to foreclose under the
 instrument, and (4) the sufficiency of notice of hearing to
 the record owners of the property.

 -6-
 IN RE WORSHAM II

 Opinion of the Court

Trustee Servs., Inc. v. R.C. Koonts and Sons Masonry, Inc., 202 N.C. App. 317, 321,

688 S.E.2d 737, 740-41 (2010) (internal marks and citation omitted).

 Competent evidence is evidence that a reasonable mind
 might accept as adequate to support the finding. . . .
 Findings of fact made by the trial judge are conclusive on
 appeal if supported by competent evidence, even if there is
 evidence to the contrary. . . . Conclusions of law drawn by
 the trial court from its findings of fact are reviewable de
 novo on appeal.

City of Asheville v. Aly, 233 N.C. App. 620, 625-26, 757 S.E.2d 494, 499 (2014)

(internal marks and citation omitted).

 B. Legal Framework for Power of Sale Foreclosures

 A power of sale is a contractual provision in a deed of trust conferring upon the

trustee the power to sell real property pledged as collateral for a loan in the event of

default. In re Adams, 204 N.C. App. 318, 321, 693 S.E.2d 705, 708 (2010) (internal

marks citation and omitted). The benefit of power of sale foreclosure is the avoidance

of “lengthy and costly foreclosure[] by action . . . in favor of a private contractual

remedy[.]” Id.

 Chapter 45 of the North Carolina General Statutes sets out the requirements

that must be met for a power of sale foreclosure to proceed:

 If the clerk finds the existence of (i) valid debt of which the
 party seeking to foreclose is the holder, (ii) default, (iii)
 right to foreclose under the instrument, (iv) notice to those
 entitled to such under subsection (b), (v) that the
 underlying mortgage debt is not a home loan as defined in
 G.S. 45-101(1b) . . . , and (vi) that the sale is not barred by

 -7-
 IN RE WORSHAM II

 Opinion of the Court

 G.S. 45-21.12A, [the military status exception,] then the
 clerk shall authorize the mortgagee or trustee to proceed
 under the instrument, and the mortgagee or trustee can
 give notice of and conduct a sale pursuant to the provisions
 of this Article.

N.C. Gen. Stat. § 45-21.16(d) (2017). As the Supreme Court has observed, the

General Assembly enacted Chapter 45 to be the “comprehensive and exclusive

statutory framework governing non-judicial foreclosures by power of sale.” In re

Lucks, 369 N.C. 222, 226, 794 S.E.2d 501, 505 (2016).

 Chapter 45 prescribes certain minimal judicial procedures, including a hearing

in front of the clerk of the court to protect the debtor’s interest “for the sole purpose

of requiring a creditor to establish its right to proceed with the foreclosure.” Id.

During the hearing, the debtor is free to raise evidentiary objections that would

negate any of the findings required under N.C. Gen. Stat. § 45-21.16. In re Goforth

Props., 334 N.C. 369, 374-75, 432 S.E.2d 855, 859 (1993).

 A party to the proceeding can challenge the clerk’s determination in superior

court and the trial judge will determine the competency, admissibility, and sufficiency

of the evidence. See In re Lucks, 369 N.C. at 227-28, 794 S.E.2d at 506 (internal

marks and citation omitted). After reviewing the determination of the clerk of court,

the trial judge must, in writing, (1) “find the facts on all issues of fact joined on the

pleadings; (2) [] declare conclusions of law arising on the facts found; and (3) [] enter

judgment accordingly.” In re Garvey, 241 N.C. App. 260, 265, 772 S.E.2d 747, 751

 -8-
 IN RE WORSHAM II

 Opinion of the Court

(2015) (internal marks and citation omitted). The purpose of these requirements is

to enable appellate review. Id. at 265, 772 S.E.2d at 751 (citation omitted).

 C. The Trial Court’s Findings and Conclusions

 Respondents first challenge the trial court’s finding that they were in default

on the note from the 2007 refinancing. Respondents also challenge the trial court’s

findings regarding Petitioner’s authority to foreclose. Respondents then argue

alternatively that even if they were in default, Petitioner was barred from proceeding

with foreclosure based on the Supreme Court’s decision in In re Lucks, 369 N.C. 222,

794 S.E.2d 501 (2016). Respondents finally argue that foreclosure was not authorized

as a matter of law, and that the record lacks the support required for the trial court

to conclude that foreclosure was authorized. We reject these arguments in turn.

 1. Default

 Respondents first challenge the trial court’s finding that they were in default

based on the terms of several loan modifications and the alleged failure of their

mortgage servicer to accept several payments attempted in early 2012. However, it

is undisputed that Respondents have not made any payments on the note since early

2012. The assertion by Respondents that they “never defaulted and [they] made

payments in accordance with the Third Mod even after [their mortgage servicer]

began wrongfully rejecting [their] payments” is belied by their failure to present any

evidence at the 13 March 2017 hearing that they had made a single payment since

 -9-
 IN RE WORSHAM II

 Opinion of the Court

2012. None of Respondents’ arguments on appeal about the amount due under the

terms of the allegedly operative loan modification is truly responsive to the question

of whether Respondents were in default at the time of the 13 March 2017 hearing.

This is so because none of the iterations of Respondents’ positions about the meaning

of the terms of the various loan modifications explains how their failure to make any

payments since 2012 did not constitute a default on the obligation owing under the

note.1

 “[W]hether a party is in default on a contract is a question of fact.” In re

Manning, 228 N.C. App. 591, 597, 747 S.E.2d 286, 291 (2013) (citation omitted). The

question dispositive of Respondents’ arguments related to whether they were in

default at the time of the March 2017 hearing is whether “evidence [] a reasonable

mind might accept as adequate to support [a] finding,” see Aly, 233 N.C. App. at 625-

26, 757 S.E.2d at 499, “support[ed] the trial court’s findings of fact . . . [regarding] the

existence of default,” see R.C. Koonts and Sons Masonry, Inc., 202 N.C. App. at 321,

688 S.E.2d at 740-41. We hold that it did.

 The competent evidence supporting the trial court’s finding that Respondents

were in default at the time of the March 2017 hearing for “repeatedly fail[ing] to make

each . . . monthly payment[] . . . for several years” included “the evidence provided by

 1The best Respondents have done to answer this question is to suggest that Petitioner should
not be allowed to benefit from a default manufactured by the refusal of its mortgage servicer to accept
certain payments in 2012. But this suggestion ignores a five-year period of non-payment between
early 2012 and March 2017; Respondents do not dispute that no payments have been made since 2012.

 - 10 -
 IN RE WORSHAM II

 Opinion of the Court

Petitioner, including the affidavit, loan payment history[,] and correspondence, and

by Respondents’ own admission at the hearing,” as the trial court noted in its 13

August 2018 order. The 27 January 2017 affidavit referenced by the trial court, for

example, contained averments that “the last payment applied to the Loan was

received January 13, 2012 and was applied to the payment due November 1, 2011”;

that “Borrower remains in default under the terms of the Note and Deed of Trust due

to nonpayment”; that “[t]he account is due for payment from December 1, 2011, and

subsequent months”; that “[t]he outstanding principal balance is $265,522.15”; and

that “[n]o further payments have been applied to the Loan, and the Loan remains due

for December 1, 2011 and subsequent months.” These averments are consistent with

the payment history and the correspondence referenced by the trial court, all of which

was evidence “a reasonable mind might accept as adequate to support the finding.”

Aly, 233 N.C. App. at 625-26, 757 S.E.2d at 499. Respondents presented no contrary

evidence at the 2017 hearing. Accordingly, “[a]s [R]espondents ceased making

payments on a valid debt, we conclude that there is competent evidence of a default.”

In re Manning, 228 N.C. App. at 597, 747 S.E.2d at 291.

 2. Holder of Debt and Indorsements

 Despite faulting the trial court on appeal for not crediting what they contend

is evidence suggesting otherwise, Respondents did not present any evidence at the 13

March 2017 hearing that the assignment to the substitute trustee was ineffective,

 - 11 -
 IN RE WORSHAM II

 Opinion of the Court

nor did Respondents present any evidence at the March 2017 hearing that the

allonges containing the indorsements from the originator of the loan to Petitioner

were improperly made or altered. Neither did Respondents dispute the authenticity

of the original promissory note at the March 2017 hearing. Instead, Respondents

disputed the effectiveness and validity of the allonges to transfer the note to

Petitioner because of the three allonges affixed to the note, one was marked “void,”

one was not dated, and the other post-dated the date the originator of the loan

declared bankruptcy. Respondents reiterate these challenges on appeal.

 These challenges, however, are “tantamount to attacks on the credibility of the

evidence, which we will not review.” In re Frucella, ___ N.C. App. ___, ___, 821 S.E.2d

249, 253 (2018) (citation omitted). “In the context of a superior court’s de novo hearing

on nonjudicial foreclosure under power of sale, the competency, admissibility, and

sufficiency of the evidence is a matter for the trial court to determine.” In re Clayton,

___ N.C. App. ___, ___, 802 S.E.2d 920, 924 (2017) (internal marks and citation

omitted). We therefore hold that that the trial court’s findings that Petitioner was

“currently in possession of the original promissory note” and that the note

“contain[ed] a chain of valid and complete indorsements from Delta Funding

Corporation to Petitioner HSBC Bank USA, N.A.” were supported by competent

evidence, as the weight to afford the evidence in support of these findings was

properly determined by the trial court.

 - 12 -
 IN RE WORSHAM II

 Opinion of the Court

 3. Same Default

 Respondents contend in the alternative that even if there was a default at the

time of the March 2017 hearing, it was the same default upon which the earlier, 12

April 2017 order allowing foreclosure to proceed was predicated, and under the

Supreme Court’s holding in In re Lucks, 369 N.C. 222, 794 S.E.2d 501 (2016),

Petitioner cannot foreclose twice based on the same default. We disagree with

Respondents’ reading of In re Lucks. We hold that the Supreme Court’s decision in

In re Lucks is not implicated by the trial court’s order to allow foreclosure to proceed

in this case based on this Court’s decision in Gray v. Federal Nat’l Mortgage Assoc.,

___ N.C. App. ___, ___ S.E.2d ___, 2019 WL 2528575 (2019).

 In re Lucks involved a power of sale foreclosure that both the clerk of court and

the trial court on appeal from the clerk’s decision had dismissed. See 369 N.C. at 223-

24, 794 S.E.2d at 503-04. The petitioner appealed and a divided panel of this Court

reversed the trial court’s dismissal, remanding the matter for further proceedings. In

re Lucks, 246 N.C. App. 515, 785 S.E.2d 185 (2016) (unpublished opinion), rev’d, 369

N.C. 222, 794 S.E.2d 507. The Supreme Court then reversed the opinion of this Court.

See In re Lucks, 369 N.C. at 229, 794 S.E.2d 501. The trial court’s dismissal, and the

Supreme Court’s reversal of this Court, centered on the authenticity and reliability

of what the Supreme Court described as “the crucial document at issue in [the case],”

 - 13 -
 IN RE WORSHAM II

 Opinion of the Court

which purported to be a limited power of attorney authorizing appointment of a

substitute trustee under the deed of trust. See id. at 224, 794 S.E.2d at 504.

 The Supreme Court identified a number of issues with this document that led

it to conclude that the trial court was correct to dismiss the proceeding. Id. at 224-

25, 794 S.E.2d at 504. First, the recording stamp on the final page of the document

stated that it was recorded three years prior to its purported date of execution; and

second, the stamp indicated that the document was eleven pages long, when it in fact

was fourteen. Id. at 225, 794 S.E.2d at 504. Third, the stamp stated that the

document was recorded with the Montgomery County Register of Deeds, when the

home in question was located in Mecklenburg County, meaning that the document

should have been recorded with the Mecklenburg County Register of Deeds. Id. The

respondents had made a number of objections when this document was presented to

the trial court. Id.

 Amongst other things, the Supreme Court held that the doctrines of res

judicata and collateral estoppel do not apply when the clerk of court or the trial court

on appeal from the clerk’s decision deny a request to proceed with a power of sale

foreclosure. Id. at 227-28, 794 S.E.2d at 506. The Supreme Court noted that when

the clerk of court or trial court refuses to authorize a foreclosure to proceed, “the

creditor is prohibited from proceeding again with a non-judicial foreclosure on the

same default[.]” Id. at 227, 794 S.E.2d at 506 (emphasis in original). “Likewise,” the

 - 14 -
 IN RE WORSHAM II

 Opinion of the Court

Supreme Court explained, “the creditor may proceed non-judicially on another

default.” Id. at 228, 794 S.E.2d at 506.

 Courts in North Carolina, including this Court, have since grappled with the

correct interpretation of the Supreme Court’s holding in In re Lucks. See Vicks v.

Ocwen Loan Servicing, LLC, No. 3:16-cv-00263, 2017 WL 2490007 (W.D.N.C. June 8,

2017) (unpublished); In re Burgess, 575 B.R. 330 (Bankr. E.D.N.C. 2017); Gray v.

Federal Nat’l Mortgage Assoc., ___ N.C. App. ___, ___ S.E.2d ___, 2019 WL 2528575

(2019).

 Vicks involved a lawsuit against a mortgage servicer and others seeking to

collaterally attack and set aside an order entered by the clerk of court in Union

County Superior Court that allowed foreclosure of the plaintiffs’ property to proceed.

2017 WL 2490007 at *1. In Vicks, the plaintiffs cited the Supreme Court’s decision

in In re Lucks in support of their collateral attack on the order entered by the clerk

of court in Union County. Id. at *2, n. 3. Rejecting this argument, the court explained

that it understood the Supreme Court’s decision to mean that the doctrines of res

judicata and collateral estoppel in a power of sale foreclosure proceeding “do not apply

in their ‘traditional’ sense [] [because] once the clerk or trial court denies

authorization [of] a foreclosure sale, a creditor may not seek a non-judicial foreclosure

based on the same default.” Id. (emphasis in original). The court concluded, however,

that In re Lucks did not stand for the proposition that the doctrine of res judicata did

 - 15 -
 IN RE WORSHAM II

 Opinion of the Court

not bar the plaintiffs from collaterally attacking in federal court the decision by the

clerk of court in Union County where the clerk had allowed the foreclosure to proceed.

See id.

 In re Burgess involved an analogous adversary proceeding in bankruptcy court

in which the debtor sought to collaterally attack the clerk of court’s order in Wake

County Superior Court allowing foreclosure to proceed. See 575 B.R. at 338. Citing

Vicks, the bankruptcy court concluded that the doctrines of res judicata and collateral

estoppel prevented a collateral attack via an adversary proceeding in bankruptcy

court of the decision by the clerk of court of Wake County Superior Court allowing

the foreclosure of the debtor’s home to proceed, despite language in In re Lucks

potentially suggesting otherwise. Id. at 342-44 (citing Hardin v. Bank of America,

N.A. et al., LLC, No. 7:16-CV-75-D, 2017 WL 44709 (E.D.N.C. Jan. 3, 2017)

(unpublished)).

 Gray similarly involved a lawsuit collaterally attacking the order of the clerk

of court of Dare County Superior Court allowing foreclosure of the plaintiffs’ home to

proceed. ___ N.C. App. ___, ___, S.E.2d ____, ____, 2019 WL 2528575 *4. Gray, unlike

Vicks and In re Burgess, was filed in state court, and was appealed to this Court from

the trial court’s interlocutory order denying one of the defendant’s motions for

summary judgment as to some of the claims in the case. Id. at *1.

 - 16 -
 IN RE WORSHAM II

 Opinion of the Court

 Reviewing the federal decisions in Vicks and In re Burgess, a panel of this

Court, noting that these federal decisions were persuasive authority only and not

binding, held that while In re Lucks was controlling precedent, it “simply stands for

the proposition that the doctrines of res judicata and collateral estoppel do not apply

in situations where foreclosure was not authorized by the clerk of court.” Id. at *4

(emphasis added). The Gray Court explained further that in deciding In re Lucks, it

“d[id] not believe the Supreme Court intended for its holding to apply . . . where a

clerk enters an order authorizing foreclosure.” Id. “Otherwise,” the Gray Court

reasoned, “a lender would potentially be forced to relitigate basic issues relating to

the validity of the foreclosure that had already been decided in its favor, which would

be inimical to the goal of establishing with finality the rights of the parties under

these circumstances.” Id. The Gray Court therefore concluded that the collateral

attack on the clerk’s order was barred by the doctrine of collateral estoppel,

notwithstanding language in In re Lucks potentially suggesting otherwise, and

reversed the trial court’s denial of a motion for partial summary judgment,

remanding the matter with instructions. Id. at *5-6.

 In the present case, the trial court court’s order being appealed allowed the

foreclosure of Respondents’ home to proceed. The Supreme Court’s decision in In re

Lucks, therefore, by its express language, does not apply. See 369 N.C. at 227, 794

S.E.2d at 506 (“If the clerk or trial court does not find the evidence presented to be

 - 17 -
 IN RE WORSHAM II

 Opinion of the Court

adequate to ‘authorize’ the foreclosure sale, this finding does not implicate res

judicata or collateral estoppel”) (emphasis added). Moreover, as this Court has held,

In re Lucks “stands for the proposition that the doctrines of res judicata and collateral

estoppel do not apply . . . where foreclosure was not authorized by the clerk of court.”

Gray at *4. That is, it does not “apply . . . where a clerk enters an order authorizing

foreclosure.” Id. (emphasis added).

 We therefore hold that In re Lucks did not prevent the trial court from entering

the 13 August 2018 order allowing foreclosure to proceed based on the same default

because the trial court’s 12 April 2017 order it superseded also allowed foreclosure to

proceed. We do not believe the Supreme Court’s decision in In re Lucks implies that

the simple fact of this Court’s earlier remand to the trial court to make the findings

and conclusions required by N.C. Gen. Stat. § 45-21.16 prevents the trial court from

making those required findings and conclusions, even if no new default has been

shown.

 4. Sufficiency of Findings

 Several of Respondents’ challenges to the trial court’s findings regarding

Petitioner’s authority to foreclose are iterations of the argument that the 13 August

2018 order did not contain evidentiary findings of a level of specificity necessary to

 - 18 -
 IN RE WORSHAM II

 Opinion of the Court

support the ultimate findings in the order.2 However, while under North Carolina

law, evidentiary facts – sometimes also referred to as subsidiary facts – are the facts

whose proof is required to establish the ultimate facts, a trial court’s order need only

include “specific findings of the ultimate facts,” not the subsidiary or evidentiary

facts. Kelly v. Kelly, 228 N.C. App. 600, 606-07, 747 S.E.2d 268, 276 (2013) (citation

omitted). Importantly, in the 13 August 2018 order being appealed, the trial court

made findings necessary to establish that the requirements of N.C. Gen. Stat. § 45-

21.16(d) had been met, i.e.,

 the existence of (i) a valid debt of which the party seeking
 to foreclose is the holder, (ii) default, (iii) right to foreclose
 under the instrument, (iv) notice to those entitled to such
 under subsection (b), (v) that the underlying mortgage debt
 is not a home loan as defined in G.S. 45-101(1b) . . . , and
 (vi) that the sale is not barred by G.S. 45-21.12A[.]”

 2 See, e.g., Respondent-Appellants’ Brief, p. 31 (“[A]lthough Respondents argued to the trial
court that the substitute trustees lacked authority to initiate this action, the 2018 Order lacks findings
and conclusions relating to this legal defense and should be reversed.”); id. (“The 2018 Order also lacks
any findings or conclusions relating to the authority of all ‘links in the chain’ leading to the
appointment of the substitute trustees in this action. As a result, the 2018 Order should be reversed.”).
Respondents reiterate the argument as follows:

 To even reach the conclusion that this action was authorized, the trial
 court had to make findings relating to, at a minimum, (a) Petitioner’s
 authority to substitute trustees, (b) [the mortgage servicer’s] authority
 to act as ‘servicer on behalf of’ Petitioner in appointing substitute
 trustees, (c) [the agent of the mortgage servicer’s] authority to act as
 attorney-in-fact for [the mortgage servicer’s] acting as servicer on
 behalf of Petitioner in appointing substitute trustees; and (d) the
 substitute trustees’ own authority and standing to initiate this action.

Id. at 32 (emphasis in original).

 - 19 -
 IN RE WORSHAM II

 Opinion of the Court

N.C. Gen. Stat. § 45-21.16(d) (2017). We hold that it was not necessary for the trial

court to make additional evidentiary findings in support of its ultimate findings in

the August 2018 order. See, e.g., Medlin v. Medlin, 64 N.C. App. 600, 603, 307 S.E.2d

591, 593 (1983) (trial court was “not required to find all facts supported by the

evidence, but only sufficient material facts to support the judgment”) (citation

omitted); Kelly, 228 N.C. App. at 608, 747 S.E.2d at 276 (“[B]revity is not necessarily

a bad thing[.]”) (citing Marcus Tulius Cicero, On the Laws: Book III, in The Treatises

of M.T. Cicero 479 (C.D. Yonge trans., 1878)).

 5. Authority to Foreclose

 Near the conclusion of the 13 March 2017 hearing the trial court instructed

the parties to submit supplemental briefs within fifteen days of the hearing. In a 21

March 2017 supplemental brief filed after the hearing, Ms. Worsham, proceeding pro

se, disputed for the first time whether foreclosure by the substitute trustee was

authorized at the time of the hearing. Citing In re Lucks, in which the Supreme Court

described a limited power of attorney authorizing appointment of substitute trustees

as “the crucial document at issue,” Ms. Worsham argued that Petitioner’s failure to

present a power of attorney authorizing the appointment of substitute trustees at the

13 March 2017 hearing and recording of the appointment of the substitute trustee

after the date on which the hearing before the clerk of Mecklenburg County Superior

Court was noticed demonstrated that foreclosure was not authorized at the time of

 - 20 -
 IN RE WORSHAM II

 Opinion of the Court

the hearing. 369 N.C. at 224, 794 S.E.2d at 504. Expanding upon this argument on

appeal, Respondents, now represented by counsel, argue that the absence of a

document in the record establishing that the mortgage servicer acting on behalf of

Petitioner in appointing the substitute trustee was authorized to appoint substitute

trustees under the deed of trust shows that the trial court’s findings and conclusions

regarding whether foreclosure was authorized were incorrect and unsupported by

competent evidence. We disagree.

 i. Preservation

 We note that these arguments have not been properly preserved for our review.

By failing to raise the issue of whether the substitute trustee was authorized to

foreclose under the deed of trust at the time of the hearing, Respondents waived

appellate review of this issue. See N.C. R. App. P. 10(a)(1) (“[T]o preserve an issue

for appellate review, a party must have presented to the trial court a timely request,

objection, or motion, stating the specific grounds for the ruling the party desired[.]”).

However, given the historic policy articulated by the Supreme Court that “foreclosure

under a power of sale is not favored in the law, and its exercise will be watched with

jealousy,” see In re Goforth Props., 334 N.C. at 375, 432 S.E.2d at 859 (internal marks

and citation omitted), we will exercise our discretion under Rule 2 of the North

Carolina Rules of Appellate Procedure and address the issue, despite Respondents’

failure to properly preserve it. See N.C. R. App. P. 2 (“[T]o expedite decision in the

 - 21 -
 IN RE WORSHAM II

 Opinion of the Court

public interest, [the] court . . . may . . . suspend or vary the requirements or provisions

of any of the[] rules . . . upon its own initiative[.]”).

 ii. Effectiveness of Substitutions

 The substitute trustee at the time of the 13 March 2017 hearing was appointed

on 14 September 2016. The previous substitute trustee was appointed on 18 July

2016. Both substitutions were recorded with the Mecklenburg County Register of

Deeds. Both substitutions were filed with the clerk of Mecklenburg County Superior

Court on 9 November 2016. Certified copies of both were submitted to the trial court

at the time of the 13 March 2017 hearing. We hold that both were competent evidence

supporting the trial court’s finding that “Petitioner produced certified copies of the

. . . appointment of substitute trustees” because both are evidence “a reasonable mind

might accept as adequate to support [this] finding.” Aly, 233 N.C. App. at 625-26, 757

S.E.2d at 499.

 iii. Substitution of Trustee After Notice of Foreclosure

 Two related arguments about the authority of the substitute trustee at the

time of the hearing are advanced in Ms. Worsham’s pro se trial brief and in

Respondents’ appellate brief. The first is that the substitute trustee at the time of

the hearing being a different trustee than the trustee identified in the notice of

hearing required that the hearing be re-noticed, preventing the trial court from

concluding that the substitute trustee at the time of the hearing was authorized to

 - 22 -
 IN RE WORSHAM II

 Opinion of the Court

foreclose. The second is that the absence of a document in the record demonstrating

that the mortgage servicer named in the substitutions as Petitioner’s agent was

authorized to appoint substitute trustees on behalf of Petitioner shows that the trial

court’s findings and conclusions related to Petitioner’s authority to foreclose were

each, respectively, unsupported by competent evidence and erroneous as a matter of

law. We reject both arguments.

 North Carolina law embraces liberal substitution of trustees under a deed of

trust authorizing such substitution. See N.C. Gen. Stat. § 45-10 (2017) (“noteholders

may, in their discretion, substitute a trustee whether the trustee then named in the

instrument is the original or a substituted trustee or a holder or owner of any or all

of the obligations secured thereby”); id. § 45-17 (the right to substitution “may be

exercised as often and as many times as the right to make such substitution may

arise”). While a notice of foreclosure must identify the trustee at the time the

foreclosure is noticed and the trustee at the time foreclosure is noticed may not

simultaneously represent the petitioner seeking foreclosure, see N.C. Gen. Stat. § 45-

21.16(c)(7)(b) (2017), the trustee at the time foreclosure is noticed may be substituted

prior to de novo review in superior court of the clerk’s decision allowing foreclosure to

proceed and subsequently represent the petitioner at the hearing in superior court,

see In re Goddard & Peterson, PLLC, ___ N.C. App. ___, ___, 789 S.E.2d 835, 840-42

(2016).

 - 23 -
 IN RE WORSHAM II

 Opinion of the Court

 We hold that the authorized appointment of a substitute trustee after the

decision by the clerk to allow foreclosure to proceed does not require the foreclosure

to be noticed a second time before the superior court conducts de novo review of the

clerk’s decision. The liberality with which North Carolina law permits substitution

of trustees under deeds of trust, and indeed, the expeditious resolution of mortgage

defaults facilitated by the system established by the General Assembly through

power of sale foreclosures would be significantly undermined by requiring a properly

appointed substitute trustee to enter a new notice of foreclosure if the appointment

occurred after an order of the clerk of court had been entered allowing foreclosure to

proceed but before the hearing in the respondent’s appeal of that order on de novo

review in superior court. We therefore reject Ms. Worsham’s argument that the

substitute trustee at the time of the hearing being a different trustee than the trustee

identified in the notice of hearing required that the hearing be re-noticed, or

prevented the trial court from correctly concluding that the substitute trustee at the

time of the hearing was authorized to foreclose.

 Further, the deed of trust signed by Respondents, a certified copy of which was

submitted to the trial court at the March 2017 hearing, provided in relevant part as

follows:

 The Note or a partial interest in the Note (together with
 this Security Instrument) can be sold one or more times
 without prior notice to Borrower. A sale might result in a
 change in the entity (known as the “Loan Servicer”) that

 - 24 -
 IN RE WORSHAM II

 Opinion of the Court

 collects Periodic Payments due under the Note and this
 Security Instrument and performs other mortgage loan
 servicing obligations under the Note, this Security
 Instrument, and Applicable Law. There also might be one
 or more changes of the Loan Servicer unrelated to a sale of
 the Note. . . . If the Note is sold and thereafter the Loan is
 serviced by a Loan Servicer other than the purchaser of the
 Note, the mortgage servicing obligations to Borrower will
 remain with the Loan Servicer or be transferred to a
 successor Loan Servicer and are not assumed by the Note
 purchaser unless otherwise provided by the Note
 purchaser.

The deed of trust also provides for substitution of trustees as follows:

 Lender may from time to time remove Trustee and appoint
 a successor trustee to any Trustee appointed hereunder by
 an instrument recorded in the county in which this
 Security Instrument is recorded. Without conveyance of
 the Property, the successor trustee shall succeed to all the
 title, power and duties conferred upon Trustee herein and
 by Applicable Law.

The deed of trust to which Respondents agreed thus itself not only provides for the

appointment of a mortgage servicer to service the indebtedness evidenced by the note,

it also specifically provides for substitution of trustees.

 Both appointments of substitute trustees presented to the trial court at the

March 2017 hearing specifically reference in their recitals the provision of the deed

of trust providing for substitution of trustees, and were signed by a mortgage servicer

on behalf of Petitioner, as contemplated by the express language of the deed of trust

to which Respondents agreed. The deed of trust and appointments of substitute

trustees, all of which were properly recorded with the Mecklenburg County Register

 - 25 -
 IN RE WORSHAM II

 Opinion of the Court

of Deeds, are themselves record evidence competent to support the trial court’s

findings that “the original promissory note . . . contains a chain of valid and complete

indorsements,” and that “Petitioner produced certified copies of the recorded . . .

appointment of substitute trustees.” These findings in turn support the trial court’s

conclusion that “the Deed of Trust gives Petitioner the right to foreclose under a

power of sale and is enforceable according to its terms.” We hold that there was not

an absence of competent record evidence that the mortgage servicer acting on behalf

of Petitioner in appointing the substitute trustee was authorized to appoint

substitute trustees where the deed of trust itself specifically provided for the

appointment of the mortgage servicer and for the appointment of substitute trustees,

and the mortgage servicer appointed by Petitioner validly exercised the right of

substitution. See In re Clayton, ___ N.C. App. at ___, 802 S.E.2d at 924 (“The right

to foreclose exists if there is competent evidence that the terms of the deed of trust

permit the exercise of the power of sale under the circumstances of the particular

case.”) (internal marks and citation omitted).

 Again, In re Lucks, cited by Respondents in support of their argument that the

absence in the record of a power of attorney in which Petitioner appointed the

mortgage servicer and authorized the mortgage servicer to appoint substitute

trustees under the deed of trust, is distinguishable from the present case. First, in

In re Lucks, the validity of the substitution of trustees was actually contested in the

 - 26 -
 IN RE WORSHAM II

 Opinion of the Court

trial court, unlike in the present case. See 369 N.C. at 228, 794 S.E.2d at 506. Second,

there were significant issues with the document purportedly appointing the

substitute trustee in In re Lucks that suggested the document had not been properly

recorded, in that its recording purportedly occurred three years prior to the date it

was executed, and in Montgomery County, North Carolina, when the proper county

for recording the deed of trust in question would have been Mecklenburg County, if

it had in fact been recorded at all. Id. at 228-29, 794 S.E.2d at 506. Finally, the

argument that the appointment of the substitute trustee in In re Lucks was invalid

was actually successful in the trial court: that is, on review of the trial court’s

decision, the Supreme Court was not answering the question of whether the absence

of the document the trial court had excluded would always preclude a trial court from

correctly concluding that foreclosure was authorized, but instead whether the

exclusion of this document by the trial court was an abuse of discretion. See id.

 Respondents’ reliance on In re Lucks in support of this argument thus

essentially reads the Supreme Court’s decision in that case backwards, extrapolating

a rule about what is required to prove authority to foreclose under a deed of trust in

every foreclosure from the Supreme Court’s decision upholding a trial court’s

evidentiary ruling on the exclusion of a particular document purportedly showing

foreclosure was authorized in an individual case where the document was

 - 27 -
 IN RE WORSHAM II

 Opinion of the Court

problematic, its validity was actually challenged before the trial court, and the trial

court ruled that it did not establish what it purported to establish.

 III. Conclusion

 Respondents have not made any payments on the note from the 2007

refinancing of their home for over seven years. We hold that the trial court’s findings

of fact were supported by competent evidence, that the findings were sufficient to

support the court’s conclusions of law, and that the court’s conclusions of law were

correct, and supported by the findings of fact. We therefore affirm the order of the

trial court allowing foreclosure of Respondents’ home to proceed.

 AFFIRMED.

 Judges DILLON and ZACHARY concur.

 - 28 -